## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

In Re:
THE VAUGHAN COMPANY, REALTORS
    Debtor(s).

JUDITH A. WAGNER,

    Plaintiff,                                   Master Case No. 12-cv-0817 WJ/SMV

v.                                           (USDC Case No. 12-cv-0496 WJ/SMV)

JILL PLAMAN,

    Defendant,

*and*

In Re:
THE VAUGHAN COMPANY, REALTORS
    Debtor(s).

JUDITH A. WAGNER,

    Plaintiff,                                   Master Case No. 12-cv-0817 WJ/SMV

v.                                           (USDC Case No. 12-cv-0497 WJ/SMV)

MICHAEL PLAMAN,

    Defendant.

## ORDER SETTING SETTLEMENT CONFERENCE

THIS MATTER is before the Court pursuant to a Telephonic Status Conference held on March 20, 2013. To facilitate a final disposition of **these two cases**, a mandatory Settlement Conference will be conducted in accordance with Rule 16(a)(5) of the Federal Rules of Civil Procedure. The conference will be held on **April 29, 2013, at 8:30 a.m.** in the Rio Grande

Courtroom, third floor, Pete V. Domenici United States Courthouse at 333 Lomas Boulevard Northwest in Albuquerque, New Mexico.

The parties or a designated representative, other than counsel of record, with full authority to resolve the case, must attend in person.  Counsel who will try the case must also attend in person.  Those attending the settlement conference must treat as confidential the information discussed, positions taken, and offers made by other participants in preparation for and during the conference.[1]  *See generally Hand v. Walnut Valley Sailing Club*, No. 11-3228, 2012 WL 1111137 (10th Cir. Apr. 2, 2012) (unpublished) (affirming dismissal of case as sanction for violating confidentiality of settlement conference).

No later than **April 15, 2013**, Plaintiff shall serve **one letter on each** Defendant setting forth at least the following information: (a) a brief summary of the evidence and legal principles that Plaintiff asserts will allow her to establish liability; (b) a brief explanation of why damages or other relief would be warranted; (c) an itemization of the principles supporting those damages; and (d) a settlement demand.  No later than **April 19, 2013**, Defendants shall **each** serve on Plaintiff a letter that sets forth at least the following information: (a) any points in Plaintiff's letter with which the defense agrees; (b) any points in Plaintiff's letter with which the defense disagrees, with references to supporting evidence and legal principles; and (c) a counteroffer.[2]  If a release is contemplated, defense counsel shall include a proposed form of release with the

---

[1] This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

[2] If the parties have engaged in settlement negotiations, Plaintiff's demand should be lower than Plaintiff's most recent demand, and **each** Defendant's counteroffer should be higher than each Defendant's most recent counteroffer.

letter.  Each of these letters typically should be five pages or fewer, and counsel must ensure that each party reads the opposing party's letter before the Settlement Conference.  If the case does not settle, Plaintiff shall provide copies of these letters to the Court no later than **5:00 p.m. on April 22, 2013**.

No later than **5:00 p.m. on April 22, 2013**, each party must provide the Court, in confidence, a concise position statement (typically no more than ten pages) containing an analysis of the strengths and weaknesses of its case.  Position statements must be submitted to the Court by e-mail at VidmarChambers@nmcourt.fed.us.[3]

Furthermore, if any party has in its possession any video or audio recording of the incident upon which this action is based, that party must submit a copy of the recording to the Court no later than **5:00 p.m. on April 22, 2013**.

The Settlement Conference will not be vacated or rescheduled except upon motion and for good cause shown.  Any motion to vacate or reschedule the Settlement Conference shall provide the Court with sufficient notice to ensure that other matters may be scheduled in the time allotted for the Settlement Conference.

**IT IS THEREFORE ORDERED** as follows:

| | |
|---|---|
| **Plaintiff's letters and settlement demands due to Defendants:** | **April 15, 2013** |
| **Defendants' letters and counteroffers due to Plaintiff:** | **April 19, 2013** |

---

[3] Each e-mail message and its attachments cannot exceed 5 MB.  Data exceeding 5 MB should be submitted in individual e-mail messages, each less than 5 MB.

| | |
|---|---|
| **Plaintiff provides copies of settlement letters to the Court by:** | April 22, 2013, by 5:00 p.m. |
| **Parties' confidential position statements due to the Court:** | April 22, 2013, by 5:00 p.m. |
| **Settlement Conference:** | April 29, 2013, at 8:30 a.m. |

    IT IS SO ORDERED.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**