IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDITH A. WAGNER, Chapter 11 Trustee
of the Bankruptcy Estate of the Vaughan
Company, Realtors,

       Plaintiff,

vs.                                            No.  CV-12-817 WJ/SMV
                                              (Master Case No.)

JONATHAN LEVANN, et al.,

       Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO DISMISS COMPLAINT**

**THIS MATTER** comes before the Court on Defendant Michael Menke's Motion to

Dismiss (Doc. 7).  After hearing argument of counsel, and for reasons stated on the record, the

Motion is granted as to two of the counts and denied as to the remaining counts.

**CLAIMS IN THE COMPLAINT**

The Trustee has asserted the following claims against Defendant Menke:

Count 1        Turnover and accounting 11 U.S.C. § 542

Count 2        Fraudulent transfer (two year transfers) 11 U.S.C. §§ 548(a)(1)(A), 550
                and 551

Count 3        Fraudulent transfer (two year transfers) 11 U.S.C. §§ 8(a)(1)(B), 550, and
                551

Count 4        Fraudulent transfer (four year transfers) pursuant to New Mexico
                Fraudulent Transfer ACT §§ 56-10-18(A)(1) and/or 11 U.S.C. §§ 544,
                550(a), AND 551

Count 5        Fraudulent transfer (four year transfers) pursuant to New Mexico
               Fraudulent Transfers Act § 56-10-18(a)(2) and/or 11 U.S.C. §§ 544,
               550(a), and 551


Count  6       Fraudulent transfer (four year transfers) pursuant to New Mexico
               Fraudulent Transfers Act § 56-10-19(a) and/or 11 U.S.C. §§ 544,
               550(a), and 551


Count 7        Fraudulent transfer (four year transfers) pursuant to New Mexico
               Fraudulent Transfers act § 56-10-19(B) and/or 11 U.S.C. §§ 544, 550(a),
               and 551

Count 8        Undiscovered fraudulent transfer pursuant to New Mexico
               Fraudulent Transfer Act 11 U.S.C. §§ 544, 550(a), AND 551


Count  9       Disallowance of claim pursuant to 11 U.S.C. § 502 or,
               alternatively, equitable subordination of claim pursuant to 11 U.S.C. §
               510(c)

Count 10       Preferential transfer 11 U.S.C. §§ 547(b), 550, and 551

The applicable standards for considering a motion to dismiss was previously stated by the

Court in the ORDER DENYING IN PART DEFENDANT'S MOTION TO DISMISS

CONCERNING DEFENDANT'S ARGUMENT THAT 11 U.S.C. § 546(e) COMPELS

DISMISSAL OF COUNTS 3-8 (Doc. 236) so the Court will refer to the applicable standard in

said order instead of repeating the standard again in this order.

       As an initial matter, the Trustee consents to the dismissal, without prejudice, of her claim

for turnover in Count 1.  Count 7 is a claim under the state fraudulent transfer law based on

alleged transfers made to "insiders"; however, there are no specific allegations in the Complaint

that Defendant Menke was an insider of the Debtor.  Thus, the allegations pertaining to Count 7

are insufficient as a matter of law to withstand a motion to dismiss.  Accordingly, Counts 1 and 7

are DISMISSED.

## DEFENDANT'S OTHER ARGUMENTS FOR DISMISSAL

*Stockbroker Defense under 11 U.S.C. §546(e):*  The Court has already issued its ruling

(Doc. 236) that the so called "stock broker defense" is not available to Defendant in the context

of a motion to dismiss.

*Standing:*  For the reasons stated on the record, the Court finds that the Trustee has

Article III Standing to sue Defendant.  By allegedly obtaining funds belonging to Defendant and

other investors, Vaughn Company, Realtors (VCR) obtained a legally recognized interest of

defeasible title to the funds.  Under controlling Tenth Circuit precedent (and other case precedent

cited by the Court at the hearing), the funds would have thus been property of the VCR

bankruptcy estate pursuant to Section 541 of the Bankruptcy Code had the funds not been

transferred before the filing of the bankruptcy petition.  Consequently, the payment of such funds

to Defendant and others constituted the transfer of an interest of VCR subject to Sections 544,

547 and 548 of the Bankruptcy Code.  Likewise, under New Mexico law, the perpetrator of a

fraud (VCR) obtains a voidable interest in the subject property which qualifies as a legally

recognized interest of defeasible title in the property.  Consequently, the Trustee has standing to

assert the state law fraudulent transfer claims against Defendant and others.

*In pari delicto defense:*  The Court finds that the Trustee's avoiding powers to assert

claims under Sections 544, 547 and 548 are statutory avoiding powers established under the

Bankruptcy Code.  Consequently, these claims brought pursuant to the Trustee's avoiding

powers are not subject to the *in pari delicto* defense.

*Sufficiency of the Trustee's Actual Fraud claims:*  As stated on the record at the hearing,

the Court adopts the so called "Ponzi scheme presumption" which means that "it is presumed

that any transfers made in the course of a Ponzi scheme could have been made for no purpose

3

other than to hinder, delay, or defraud creditors." *Wagner v. Pruett (In re Vaughan Co., Realtors),* 477 B.R. 206, 218-219 (Bankr.D.N.M. 2012).  Accordingly, the Court concludes that the Trustee's Complaint contains sufficient facts to show an "actual intent to defraud" under Section 548 and applicable state law.  Thus, the Trustee has plead sufficient facts to survive Defendant's motion to dismiss.

*Sufficiency of the Trustee's Constructive Fraud Claims:*  The Trustee has alleged that Defendant knew or should have known that the VCR promissory note program was a fraudulent scheme.  For the reasons stated on the record, the Court finds that the Trustee has alleged sufficient facts to withstand a motion to dismiss claims for constructive fraud.

*Good Faith Defense under 11U.S.C.§ 548(c):*  Whether the Defendant is entitled to the good faith defense of Section 548(c) is a fact intensive inquiry that cannot be properly analyzed or considered in the context of a motion to dismiss.  Accordingly, the Court denies Defendant's motion to dismiss claims which assert the good faith defense.

*Undiscovered Fraudulent Transfers and Disallowance or Equitable Subordination:* Count 8 is based on undiscovered transfers under state law.  Because the Court has found that the Trustee's Complaint withstands Defendant's Motion to Dismiss (except as to Counts 1 and 7), the Court declines to dismiss Count 8 at this time.  Count 9 seeks disallowance of Defendant's claim, or alternatively, equitable subordination of Defendant's claim.  Based on the Trustee's allegations regarding fraudulent transfers and based on the allegations regarding Defendant's inequitable conduct, the Court finds that the Trustee has alleged sufficient facts to state a claim under Sections 502(d) and/or 510(c).  Therefore, Defendant's motion to dismiss count 9 is denied.

**IT IS THEREFORE ORDERED** that Defendant Michael Menke's Motion to Dismiss is GRANTED as to Counts 1 and 7, and DENIED as to Counts 2, 3, 4, 5, 6, 8, 9 and 10 of the Trustee's Complaint.

**IT IS FURTHER ORDERED** that the Court makes the same ruling as to all other Defendants who joined in Defendant Menke's Motion to Dismiss and who asserted the same grounds for dismissal.  Defendants shall file their Answers within 20 days of the date of entry of this Order.

_____
UNITED STATES DISTRICT JUDGE