IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In Re:
THE VAUGHAN COMPANY, REALTORS
    Debtor(s).

JUDITH A. WAGNER,

    Plaintiff,                               Master Case No. 12-cv-0817 WJ/SMV

v.                                           (USDC Case No. 12-cv-0529 WJ/SMV)

MARK DAHRLING,
MAURA DAHRLING,
DAHRLING ENTERPRISES, INC., a New Mexico
Corporation,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel . . . [Doc. 339], filed on May 22, 2013. Defendants have not responded, and the time for doing so has passed. The Court, being fully advised in the premises, finds that the motion is well-taken and should be granted.

On March 15, 2013, Plaintiff served each Defendant[1] with Requests for Admission, Interrogatories, and Requests for Production. [Doc. 339] at 2; [Doc. 337]. Defendants failed to respond or object by the deadline, April 15, 2013. [Doc. 339] at 2. Plaintiff agreed to an extension of time until May 13, 2013, for Defendants to respond. [Doc. 339] at 2. On May 14, 2013, defense counsel communicated to Plaintiff's counsel that Defendants had prepared no

---

[1] Only the individual Defendants remain; a Stipulated Final Judgment Against Defendant Dahrling Enterprises, Inc., was entered on February 27, 2013. [Doc. 12] in case number 12-cv-0529 WJ/SMV.

responses to the discovery and were considering filing for bankruptcy to end this lawsuit instead. [Doc. 339] at 3.  Plaintiff filed her motion to compel on May 22, 2013, requesting an order: (a) compelling Defendants to respond to Plaintiff's discovery requests; (b) finding that the unanswered Requests for Admission be deemed admitted; (c) finding that Defendants had waived their right to object to Plaintiff's Interrogatories and Requests for Production; (d) extending the deadline for the Plaintiff to complete non-expert discovery through July 15, 2013; and (e) ordering Defendants to pay the Plaintiff's attorneys fees and costs associated with the Motion.  Defendants filed nothing in response to the Motion to Compel.  On May 28, 2013, Defendant Maura Dahrling did file a notice of non-appearance at her deposition set for May 31, 2013.  [Doc. 342].  She explained that she had "decided to file a personal bankruptcy in order to terminate this litigation."  [Doc. 342] at 1.  However, the motion to compel was not mentioned. On June 12, 2013, chambers staff confirmed with defense counsel's office that Defendants had not filed for bankruptcy.

"The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ. 7.1(b). Defendants failed to timely respond to the motion to compel, and their failure constitutes consent to the grant the motion.  I find that Defendants have failed to timely respond to Plaintiff's discovery requests.  Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Compel . . . [Doc. 339] is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. Defendants shall serve responses to the Interrogatories and Requests for Production within 21 days.

2. Pursuant to Fed. R. Civ. P. 36(a)(3), the Court finds that the matters in the Requests for Admission are deemed admitted.

3. Similarly, under Fed. R. Civ. P. 33(b)(4), 34(b)(2)(A), Defendants have waived any objections they may have to the Interrogatories and Requests for Production.

4. The deadline for Plaintiff to complete non-expert discovery is extended to July 15, 2013.

5. Pursuant to 37(a)(5), Defendants shall show cause within 5 days why they should not be ordered to pay Plaintiff's "reasonable expenses incurred in making the motion, including attorney's fees."

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**