IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUDITH A. WAGNER, Chapter 11
Trustee of the bankruptcy estate
of the Vaughan Company, Realtors,

    Plaintiff,

v.                         Master Case No. 12-cv-817 WJ/SMV
                         (Case No. 12-cv-547 WJ/SMV)

DONALD LACY, DEANNA LACY,
AND DORIS LACY,

    Defendants.

ORDER DENYING MOTION TO DISMISS, QUASHING
SERVICE OF PROCESS, AND DIRECTING TRUSTEE TO RE-SERVE DEFENDANTS

THIS MATTER is before the Court on Defendants' Motion to Dismiss Due To Insufficient Service of Process filed in the United States Bankruptcy Court for the District of New Mexico on May 8, 2012 (USBC Adv. No. 12-1107S, Doc. 15).  This Motion is before the District Court as a result of Defendants' Unopposed Motion To Withdraw The Reference Pursuant To 28 U.S.C. § 157(d) that was filed on May 18, 2012 (Civ. 12-547, Doc. 1).  The Court entered the Stipulated Order Withdrawing The Reference Of This Adversary Proceeding To The United States Bankruptcy Court on June 6, 2012 (Civ. 12-547, Doc. 2).  The Court, having reviewed all of the filings of the parties and applicable legal authority, concludes that the Motion to Dismiss should be denied, that service of process should be quashed because Plaintiff failed to properly effectuate service, and that Plaintiff should re-serve Defendants as herein described herein.

Factual and Procedural History

On February 22, 2010, the Vaughan Company, Realtors filed a voluntary petition for bankruptcy relief under Chapter 11 of the Bankruptcy Code (USBC No. 10-10759).  Judith A. Wagner ("Trustee") was appointed the Chapter 11 Trustee of the bankruptcy estate on April 29, 2010 (USBC No. 10-10759).  About two years later, on April 19, 2012, the Trustee filed an adversary proceeding ("Complaint") against Defendants entitled <u>Judith A. Wagner, Chapter 11 Trustee of the bankruptcy estate of the Vaughan Company, Realtors v. Donald Lacy, Deanna Lacy and Doris Lacy</u>, Adversary No. 12-1107S.  On February 23, 2012, the bankruptcy court issued the Summons (Adv. No. 12-1107, Doc. 2).  That same day, attorney Merrie L. Chappell entered her appearance and request for notice on behalf of Defendants (Adv. No. 12-1107, Doc. 3).  She also filed a Jury Demand (Adv. No. 12-1107, Doc. 4).  Ms. Chappell was not retained by Defendants (Adv. No. 12-1107, Doc. 15).  On February 28, 2012, Louis Puccini, Jr. entered an appearance on behalf of the Defendants (Adv. No. 12-1107, Doc. 5).

The Trustee filed a Certificate of Service (Adv. No. 12-1107, Doc. 6) on March 6, 2012 and purportedly effectuated service upon Defendants Donald and Deanna Lacy.  Mr. and Mrs. Lacy were served by first class mail at a Post Office Box in Albuquerque, New Mexico despite having moved to Alaska in 2008 (Adv. No. 12-1107, Doc. 15 at 2), more than two years before the filing of the Petition.  The Certificate further purported service on Doris Lacy at a physical address in Albuquerque, New Mexico.  <u>Id</u>.  The Trustee did not serve Doris Lacy at the nursing home where she moved in 2011 (Adv. No. 12-1107, Doc. 15 at 2).  The Withdrawal of Counsel and Substitution of Counsel was filed on March 8, 2012 wherein Ms. Chappell was removed from the case and Mr. Puccini was substituted as counsel for Defendants (Adv. No. 12-1107, Docs. 7 and 8).  Defendants filed a Notice of Adoption of Jury Demand (Adv. No. 12-1107, Doc.

9) on March 9, 2012.  On March 26, 2012, Defendants filed a Motion to Extend Time To File A Responsive Pleading (Adv. No. 12-1107, Doc. 10) which was granted by Stipulated Order (Adv. No. 12-1107, Doc. 11) filed on March 28, 2012.

On May 8, 2012, Defendants filed their Motion to Dismiss pursuant to Rule 12(b)(5) for insufficient service of process (Adv. No. 12-1107, Doc. 15).  The Trustee filed her Response on May 29, 2012 (Adv. No. 12-1107, Doc. 21).  On May 18, 2012, Defendants' Unopposed Motion To Withdraw The Reference Pursuant To 28 U.S.C. § 157(d) was filed (Civ. 12-547, Doc. 1).  On June 6, 2012, the Court entered the Stipulated Order Withdrawing The Reference Of This Adversary Proceeding To The United States Bankruptcy Court (Civ. 12-547, Doc. 2).   On June 19, 2012, Defendants filed their Reply in the District Court (Civ. 12-547, Doc. 3).  Then on July 18, 2012, the Trustee filed her "Sur-Response" without seeking leave of the District Court (Civ. 12-547, Doc. 7).[1]

## Analysis

Pursuant to Fed.R.Civ.P. 12(b)(5), a party may assert a defense for insufficient service of process by motion prior to filing a responsive pleading.  Defendants' filed their Motion to Dismiss for insufficient service of process pursuant to Federal Rule of Bankruptcy Procedure 7012 which makes Fed.R.Civ.P 12(b) applicable to adversary proceedings.  Defendants claim that the Trustee was required to effectuate service as follows: "upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession."  F.R.B. P. 7004(b)(1).  Defendants argue that the Trustee failed to

---

[1] D.N.M.LR-Civ. 7.4 provides restrictions on responses and replies and states that "[t]he filing of a surreply requires leave of the Court." The Court reminds the parties that they must comply with the Local Rules.

comply with this Rule 7004 because all of the Defendants were not served at a "dwelling house or usual place of abode."

The Trustee contends that Defendants waived their right to assert the Rule 12(b)(5) defense because Ms. Chappell entered her appearance as their attorney (Adv. No. 12-1107, Doc. 21). The Trustee argues that Defendants have participated in the litigation process without previously raising insufficient service of process (Adv. No. 12-1107, Doc. 21 at 2-3). Specifically, the Trustee argues that Defendants, without raising the defense, have filed pleadings which include: (1) a Jury Demand filed by Ms. Chappell, (2) Entry of Appearance filed by Mr. Puccini, (3) the Withdrawal and Substitution of Counsel filed by Ms. Chappell, and (4) Adoption of Jury Demand filed by Mr. Puccini.  See, Adv. No. 12-1107.  The Trustee also argues, in the alternative, that even if the Court determines that there was insufficient service of process and that the defense has not been waived, the Motion to Dismiss should be denied and the Trustee be allowed additional time to serve the Defendants.  Id.

I.    Authority to Represent Defendants

While authority to appear on a party's behalf is legally presumed when an attorney enters his or her appearance, it is a rebuttable presumption. Federal Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d 170, 175 (10th Cir. 1992). Courts routinely find that a party's testimony that an attorney was not retained or authorized to represent the party's interest(s) is sufficient to overcome the presumption. Id.   Here, Defendants claim that Ms. Chappell was not retained to represent them (Civ. 12-547, Doc. 3).  The parties offer no explanation whether the Defendants knew Ms. Chappell, or why she entered her appearance on their behalf.   Donald Lacy attests that Ms. Chappell was not retained nor authorized to represent the Defendants in this matter (Civ. Doc. 15, Exhibit 1, Affidavit of Donald Lacy).  Mr. Lacy also attests that he requested Ms.

4

Chappell withdraw from their representation.  Id.  The record reflects that Ms. Chappell withdrew from representing the Defendants on March 8, 2012 (Adv. No. 12-1107, Docs. 7 and 8).  The Court finds that Mr. Lacy's affidavit testimony is sufficient to rebut the presumption that Ms. Chappell was authorized to represent Defendants.

II.     Defendants Did Not Waive Their Defense of Insufficient Service Of Process

The Court further considers whether any of the filings constitute a responsive pleading sufficient to find that the Defendants waived the right to object to insufficient service of process.  A responsive pleading is either an answer or reply wherein a party sets forth defenses to each claim asserted and admits or denies the allegations asserted by the opposing party.  Fed.R.Civ.P. 8.  As discussed above, Ms. Chappell filed an Entry of Appearance, Jury Demand and later a Withdrawal and Substitution of Counsel (Adv. No. 12-1107).  None of these filings asserted any defenses nor did they admit or deny any allegations.

Based on the representations of the Defendants, at the time Mr. Puccini was retained, on February 28, 2012, he was not aware that service was not properly effectuated.  Mr. Puccini entered his appearance and filed a Notice of Adoption of Jury Demand. The record reflects that the Trustee's Certificate of Service was filed after Mr. Puccini was retained and had entered his appearance.  Mr. Puccini sought and received an extension of time to file a responsive pleading (Adv. No. 12-1107, Docs. 10 and 11).  Mr. Puccini's filings, likewise, did not assert any defenses, and did not admit or deny any allegations.

None of the filings by Ms. Chappell or Mr. Puccini appear to be a "responsive pleading" as contemplated by Fed. R.Civ.P. 8.  Therefore, the Court finds that Defendants did not waive their right to object to service of process.

III.   Decision of the Court

In circumstances where service is an issue, Courts have discretion to either dismiss the complaint without prejudice or order service of the complaint within a specified time. Fed.R.Civ.P. 4(m).  The Court realizes that the statute of limitations pursuant to 11 U.S.C. § 546[2] has expired and should the Court dismiss the complaint without prejudice, the Trustee would be precluded from re-filing her Complaint.  Procedural dismissal is generally disfavored.  The Court, therefore, concludes that the Motion to Dismiss should be denied but, because of the improper service of process, service should be quashed.  The Court further concludes that the Trustee must effectuate proper service within 90 days of the entry of this order in order to proceed[3].

Defendants have also asserted that they are prejudiced by the delay in filing of the Complaint and the failure to be served properly.  They argue that as a result of the delay, Doris Lacy is "no longer able to assist in her defense or provide books and records" (Civ. 12-547, Doc. 3 at 8).  Defendants further claim that the causes of action raised by Plaintiff occurred more than four (4) years ago and that they are innocent.  Id.  The Court will not consider these allegations as they would require the Court to consider the merits of the claims which should be addressed through a motion for summary judgment or trial on the merits, rather than on a Motion to Dismiss for procedural reasons.

Finally, the Court finds that Plaintiff's Sur-Response will be stricken for failing to obtain leave of court as required by D.N.M.Civ.-LR 7.4.

---

[2] The Trustee has brought claims against Defendants pursuant to 11 U.S.C. §542, for turnover of property, and 11 U.S.C. § 548, fraudulent transfer, and other actions that would have been brought in state court if unrelated to bankruptcy.  11 U.S.C. §546 sets forth the limitation period imposed for asserting these claims under the provisions of the Bankruptcy Code.

[3] The Trustee should consider personal service in light of prior issues with service unless Defense counsel obtains authorization to accept service on behalf of Mrs. Doris Lacy given her current medical condition.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that,

A. Defendants Donald Lacy, Deanna Lacy and Doris Lacy's Motion to Dismiss is denied,

B. The Trustee's service of process of her Complaint is quashed,

C. The Trustee must effectuate proper service of process of the Complaint within ninety (90) days of the entry of this Order if she wishes to proceed; and

D. The Trustee's Sur-Response is stricken for failing to seek leave of Court prior to filing.

_____
UNITED STATES DISTRICT JUDGE