# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**In Re:**
**THE VAUGHAN COMPANY, REALTORS**

    Debtor(s).

**JUDITH A. WAGNER,**

    Plaintiff,                                                                       Master Case No. 12-cv-0817 WJ/SMV

v.

| Defendant | Case No. |
|---|---|
| JONATHAN LEVANN; | (USDC Case No. 12-cv-0187 WJ/SMV) |
| JULES APPELMAN, as personal representative of the estate of Shirley Herndon; | (USDC Case No. 12-cv-0188 WJ/SMV) |
| RONALD FRANK; | (USDC Case No. 12-cv-0189 WJ/SMV) |
| VICKI FRANK; | (USDC Case No. 12-cv-0190 WJ/SMV) |
| JULES APPELMAN, et al.; | (USDC Case No. 12-cv-0197 WJ/SMV) |
| DAVID DEFURIA; | (USDC Case No. 12-cv-0200 WJ/SMV) |
| DURANO ENTERS., LTD., et al., | (USDC Case No. 12-cv-0201 WJ/SMV) |
| MICHAEL MENKE; | (USDC Case No. 12-cv-0203 WJ/SMV) |
| JAMES RICHARDS; | (USDC Case No. 12-cv-0207 WJ/SMV) |
| SCOTT O'HARA; | (USDC Case No. 12-cv-0208 WJ/SMV) |
| DANIEL FENTON, et al.; | (USDC Case No. 12-cv-0241 WJ/SMV) |
| MICHAEL ROSENBERG, et al.; | (USDC Case No. 12-cv-0270 WJ/SMV) |
| EDITH TARBESCU-DEUTSCHMANN; | (USDC Case No. 12-cv-0290 WJ/SMV) |
| STEVEN PAZAND; | (USDC Case No. 12-cv-0291 WJ/SMV) |

| | |
|---|---|
| **FRANCIS HOVORKA;** | (USDC Case No. 12-cv-0299 WJ/SMV) |
| **MOSTAFA JAFARI;** | (USDC Case No. 12-cv-0300 WJ/SMV) |
| **ABBAS ANSARI, et al.;** | (USDC Case No. 12-cv-0301 WJ/SMV) |
| **MARIE YEH, et al.;** | (USDC Case No. 12-cv-0303 WJ/SMV) |
| **MERRION FAMILY LTD. P'SHIP;** | (USDC Case No. 12-cv-0306 WJ/SMV) |
| **DENNIS FAHEY;** | (USDC Case No. 12-cv-0359 WJ/SMV) |
| **JERRY DAVIS, et al.;** | (USDC Case No. 12-cv-0360 WJ/SMV) |
| **SAID BANDI, et al.;** | (USDC Case No. 12-cv-0391 WJ/SMV) |
| **AUDREY NAPOLEON;** | (USDC Case No. 12-cv-0393 WJ/SMV) |
| **JILL PLAMAN,** | (USDC Case No. 12-cv-0496 WJ/SMV) |
| **MICHAEL PLAMAN, et al.,** | (USDC Case No. 12-cv-0497 WJ/SMV) |
| **STEVEN S. ETKIND, et al.,** | (USDC Case No. 12-cv-0754 WJ/SMV) |
| **JANICE DORN, et al.;** | (USDC Case No. 12-cv-0870 WJ/SMV) |
| **DANIEL R. MOWERY, et al.;** | (USDC Case No. 12-cv-1105 WJ/SMV) |

**Defendants.**

## OMNIBUS INITIAL SCHEDULING ORDER

These cases are assigned to me for scheduling, case management, discovery, and all non-dispositive motions. Both the Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court apply to this lawsuit. Civility and professionalism will be required of counsel. Counsel shall read and comply with "A Lawyer's Creed of Professionalism of the State Bar of New Mexico."

2

The parties, appearing through counsel or pro se, will "meet and confer" no later than **Friday, September 13, 2013**, to formulate a Provisional Discovery Plan. Fed R. Civ. P. 26(f). The time allowed for discovery is generally 150 to 180 days and will run from the Rule 16 initial scheduling conference. Initial disclosures under Fed R. Civ. P. 26(a)(1) shall be made within fourteen days of the meet-and-confer session.

The parties will cooperate in preparing a **unique** Joint Status Report and Provision Discovery Plan ("JSR") **for each underlying case**, following the sample JSR available at the Court's web site. The blanks for suggested/proposed dates are to be filled in by the parties. Actual case management deadlines will be determined by the Court after consideration of the parties' requests. Plaintiff (or Defendant in removed cases) is responsible for filing the JSRs by **Friday, September 20, 2013.**

Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the scheduling order that issues from the JSR.

An omnibus Rule 16 initial scheduling conference will be held on **Tuesday, October 15, 2013, at 9:00 a.m.** in the **Mimbres Courtroom** on the fourth floor of the Pete V. Domenici United States Courthouse at 333 Lomas Boulevard Northwest in Albuquerque, New Mexico. Counsel shall be prepared to discuss the following: discovery needs and scheduling, all claims and defenses, the use of scientific evidence and whether a *Daubert* hearing is needed, *see Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590–92 (1993), initial disclosures, and the timing of expert disclosures and reports under Fed R. Civ. P. 26(a)(2). We will also discuss

settlement prospects, alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c). Client attendance is not required.

Pre-trial practice in this case shall be in accordance with the foregoing.

**IT IS THEREFORE ORDERED** that the deadlines shall be as follows:

| | |
|---|---|
| **Meet and Confer by:** | Friday, September 13, 2013 |
| **JSRs filed by:** | Friday, September 20, 2013 |
| **Initial Disclosures due within fourteen days of the meet-and-confer session, but in no event later than:** | Friday, September 27, 2013 |
| **Rule 16 Initial Scheduling Conference:** | Tuesday, October 15, 2013, at 9:00 a.m. |

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

4