IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In Re:
THE VAUGHAN COMPANY, REALTORS
    Debtor(s).

JUDITH A. WAGNER,

    Plaintiff,                             Master Case No. 12-cv-0817 WJ/SMV

v.                                          (USDC Case No. 12-cv-0529 WJ/SMV)

MARK DAHRLING,
MAURA DAHRLING,
DAHRLING ENTERPRISES, INC., a New Mexico
Corporation,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RESPONSES IN AID OF EXECUTION

THIS MATTER is before the Court on Plaintiff's Motion . . . to Compel Responses [from Defendant Dahrling Enterprises, Inc.,] . . . in aid of Execution . . . [Doc. 403], filed on July 18, 2013. Defendant Dahrling Enterprises, Inc., has not responded, and the time for doing so has passed. The Court, being fully advised in the premises, finds that the motion is well-taken and should be granted.

On February 27, 2013, the Court entered a Stipulated Final Judgment against Defendant Dahrling Enterprises in this case. [Doc. 235]. The Judgment, *inter alia*, provided a money judgment against Defendant and in favor of Plaintiff in the amount of $338,055.84. *Id.* On March 21, 2013, Plaintiff served Defendant with Interrogatories and Requests for Production in Aid of Execution. [Doc. 403] at 2; [Doc. 245]. Defendant failed to respond or object by the

deadline, April 22, 2013.  [Doc. 339] at 2.  In fact, Defendant did not respond or object by July 18, 2013, when Plaintiff filed the instant motion, nor had Defense counsel responded to Plaintiff's counsel's letter of inquiry dated April 30, 2013.  [Doc. 403] at 2.

Plaintiff filed her motion to compel on July 18, 2013, requesting an order:  (i) compelling Defendant to provide complete and accurate answers and/or or responses to Plaintiff's Discovery Requests, (ii) holding that the Defendant has waived its right to object to Plaintiff's Interrogatories and Requests for Production, (iii) awarding the Plaintiff her reasonable expenses incurred in obtaining such an order, including attorney's fees, and (iv) for all other just and proper relief.  *Id.* at 2–3.  Defendant filed nothing in response to the Motion to Compel.

"The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ. 7.1(b).  Defendant failed to timely respond to the motion to compel, and its failure constitutes consent to the grant the motion.  I find that Defendant has failed to timely respond to Plaintiff's discovery requests.  Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion . . . to Compel Responses [from Defendant Dahrling Enterprises, Inc.,] . . . in aid of Execution . . . [Doc. 403] is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. Defendant shall serve responses to the discovery requests within 21 days.
2. Pursuant to Fed. R. Civ. P. 33(b)(4), 34(b)(2)(A), Defendant has waived any objection it may have to the Interrogatories and Requests for Production.

2

3. Pursuant to 37(a)(5), Defendant shall show cause within 5 days why it should not be ordered to pay Plaintiff's "reasonable expenses incurred in making the motion, including attorney's fees."

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**