IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDITH A. WAGNER, Chapter 11 Trustee
of the Bankruptcy Estate of the Vaughan
Company, Realtors,

   Plaintiff,

v.             No.  CV-12-817 WJ/SMV
             (Master Case No.)

JULES APPELMAN, as personal representative  No.   CV-12-188 WJ/SMV
Of the estate of Shirley Herndon,

   Defendant.

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

  **THIS MATTER** comes before the Court upon Defendant's Motion for Summary Judgment filed on May 30, 2013 (**Doc. No. 345**). Having considered the parties' briefs and the applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is DENIED[1].

### Background

  This case arises out of a Ponzi scheme perpetrated by Doug Vaughan.  This adversary proceeding is one of many adversary proceedings initiated by the Chapter 11 Trustee seeking to recover payments made by Vaughan Company Realtors ("VCR") to parties who invested in VCR's promissory note program.[2]

---

[1]  This matter was set for a hearing but the Court vacated the hearing pursuant to the parties' wishes.  (**Doc. No. 554**).

[2] The background facts underlying this matter have been extensively discussed by this Court in numerous opinions entered in the Master Case No. 12CV817.

## Undisputed Material Facts[3]

Shirley Herndon died on February 13, 2011.[4]  Plaintiff commenced this action on November 29, 2011, over nine months after Ms. Herndon's death.  On October 17, 2012, Defendant filed a Suggestion of Death noting that Ms. Herndon had passed away on February 13, 2011 and that Jules Appelman had been appointed as the executor of the estate.  (**Doc. No. 17**)[5].  Other than giving the name of the personal representative of Ms. Herndon's estate, the Suggestion of Death did not give any further information such as the probate case number or the state court where the probate case was pending.  On October 24, 2012, Plaintiff's counsel wrote to Ms. Herndon's counsel advising of Plaintiff's intent to file a motion to substitute Ms. Appelman for Ms. Herndon.  Defense counsel consented to the filing of the motion, but specifically reserved all defenses including the defense that the Trustee's claims were time barred.  U.S. Magistrate Judge Stephan Vidmar entered an Order based upon the unopposed motion substituting Ms. Appelman for Ms. Herndon as the named defendant in this matter pursuant to Fed. R. Civ. P. 25 on November 29, 2012.  (**Doc. No. 173**).  Although not specifically mentioned by the parties, the Court will assume for the purposes of this motion that the statute of limitations has run on Plaintiff's claims against Ms. Herndon, thus preventing Plaintiff from simply filing a new lawsuit against Ms. Appelman in her capacity as the personal representative of Ms. Herndon's estate.

This Court will also address Defendant's "undisputed material facts" which are not included above.  Defendant alleges that on January 3, 2012, defense counsel informed Plaintiff's

---

[3]  The facts set forth below are supported by the evidence in the record and are undisputed.  However, where there is a potential dispute, the Court will note the disparity and how it resolved the dispute.
[4]   Although Plaintiff states she disputes this fact because no admissible evidence regarding this fact was included with Defendant's Motion, Defendant attached a copy of Ms. Herndon's death certificate to her Reply.  Accordingly, Ms. Herndon's date of death is considered undisputed.  Further, this Court will deem all of Plaintiff's objections to Defendant's facts based upon a dispute over Ms. Herndon's date of death resolved.
[5]  The Suggestion of Death was filed in the original case, 12CV188.

counsel that Ms. Herndon had passed away prior to the filing of the Complaint. The Court will not consider this fact in deciding the Motion because Defendant disputes this fact and there is no admissible evidence in the record regarding this allegation. The Court cannot rely upon defense counsel's affidavit attached to the Motion because it is inadmissible hearsay. "Under [Tenth Circuit precedent], [this Court is] constrained to disregard such hearsay on summary judgment when, as here, there is a proper objection to its use and the proponent of the testimony can direct [the Court] to no applicable exception to the hearsay rule." Johnson v. Weld Cnty., Colo., 594 F.3d 1202, 1209 (10th Cir. 2010) (citations omitted). Here, Plaintiff raised a hearsay objection to defense counsel's affidavit and Defendant did not point this Court to an applicable hearsay exception. In fact, Defendant did not even respond to Plaintiff's hearsay objection in her Reply. Accordingly, there is no admissible evidence in the record that Plaintiff had knowledge of Ms. Herndon's death until October 17, 2012 when the Suggestion of Death was filed.

**Discussion**

**I.   Legal Standard**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. Once that burden is met, the nonmoving party must put forth specific facts showing that there is a genuine issue of material fact for trial; he may not rest on mere allegations or denials in his own pleadings. Anderson v. Liberty Lobby, 477 U.S. 242, 256-57 (1986). In order to avoid summary judgment, the nonmoving party must put forth enough evidence that a reasonable jury could return a verdict in the nonmovant's favor. Id. at 249. A mere scintilla of evidence in the

3

nonmovant's favor is not sufficient.  Id. at 252

## II.      This Suit is not a Nullity Under New Mexico Law

Defendant asks this Court to dismiss this suit as a nullity because it was filed after Ms.

Herndon died.  Defendant argues that its concurrence with the Motion to Substitute was qualified

and contingent on Defendant being able to raise this defense.  Plaintiff argues that Defendant

waived her objections to the substitution and thus, her objection to the suit as being a nullity

because Defendant agreed to the Motion to Substitute.  Plaintiff further argues that even if

Defendant has not waived her argument that the lawsuit is void, federal law should control

whether or not the suit is a nullity.  In the alternative, Plaintiff argues that if state law controls

this issue, New Mexico courts have relaxed the strict rule that suits filed against deceased parties

are nullities.  Finally, Plaintiff argues that Defendant's motion should be denied outright because

Defendant failed to file an answer as required by the Court's Order Granting in Part Motion to

Dismiss Complaint **(Doc. No. 254)**[6].

As an initial matter, Fed. R. Civ. P. 17 (b)(1) states that capacity to be sued is determined

by state law.  Plaintiff's only support for her argument to the contrary is a non-controlling case,

In re Polo Builders, 374 B.R. 638 (Bankr. N.D. Ill. 2007).   In re Polo Builders itself

acknowledged that the majority of courts apply state law to this issue pursuant to Fed. R. Civ. P.

17(b)(1).  Id., at 642.  Accordingly, the Court will look to New Mexico law to determine whether

this suit is a nullity.

There are three main New Mexico cases on this issue.  The first is Mercer v. Morgan,

1974-NMCA-102, 86 N.M. 711, 526 P.2d 1304, which set forth a bright line rule that suits

against deceased persons are nullities:

---

[6] The Court agrees with Defendant that nothing about the Court's Order prevents Defendant from filing the instant
Motion for Summary Judgment.  Accordingly, this Court will not address Plaintiff's argument on that point any
further.

> We follow the general rule that a suit brought against a defendant who is already deceased is a nullity and of no legal effect. . . where an action is brought against a defendant who is dead or nonexistent the complaint may not be amended, after the period of the statute of limitation has expired, so as to bring in a defendant having the capacity to be sued.

See id, 86 N.M. at 712, 526 P.2d at 1305 (internal quotation marks and citation omitted).

The next landmark case on this issue is Chavez v. Regents of the University of New Mexico, 1985-NMSC-114, 103 N.M. 606, 711 P.2d 883, in which the Supreme Court of New Mexico held that an amendment to add the personal representative as the plaintiff after the statute of limitations had run related back to the filing of the original complaint under New Mexico Rule 1-015(C).  The statute of limitations had run before the personal representative was appointed.  In distinguishing Mercer, the Supreme Court in Chavez noted:

> New Mexico follows the principle that in the interests of justice and to promote the adjudication of a case upon its merits, amendments should be freely granted and allowed to relate back to the date a complaint was originally filed so as to avoid the bar of the statute of limitations whenever the requirements of Rule 15(c) are met. Where the real parties in interest received sufficient notice of the proceedings or were involved unofficially at an early stage, the statute of limitations should not be used mechanically to bar an otherwise valid claim.

Chavez, 103 N.M. at  610, 711 P.2d at 887.

The New Mexico Court of Appeals relied on Chavez in Macias v. Jaramillo, 2000-NMCA-086, 129 N.M. 578, 11 P.3d 153.  In Macias, the Court of Appeals allowed the plaintiff to amend the Complaint where Plaintiff did not file against the proper party within the statute of limitations.  Id., 2000-NMCA-086, ¶14.  The plaintiff in Macias had been intentionally misled about who was the personal representative of the estate in order to prevent Plaintiff from filing suit against the proper party within the statute of limitations. Id.   The Court of Appeals noted that while the "[d]ecedent was certainly no longer in existence-thus creating the idea of 'nullity'. . . his estate [] still existed and was subject to liability merely upon the filing of appropriate

5

documents under the Probate Code".  Id., 2000-NMCA-086, ¶15.  The Court of Appeals held that policy reasons allowed the suit to go forward even though it had been filed against a "nullity." Id.

New Mexico courts have relaxed the bright line rule that suits filed against deceased persons are a nullity.  See Chavez, supra; Macias, supra.  The later court decisions are based upon the idea that the difference between filing a suit against a deceased party and the party's estate is a mere formality, and in most situations the decedent's estate has notice of the suit from the beginning and is involved in the suit even if the proper party is not named.  This is the scenario present in the instant case. Ms. Herndon's estate had notice of the instant suit and became involved immediately even though Plaintiff improperly named Ms. Herndon instead of the personal representative as the defendant.  Further, there is no evidence in the record that Plaintiff was dilatory in bringing the suit against Ms. Herndon because there is no admissible evidence that Plaintiff knew of Ms. Herndon's death until the Suggestion of Death was filed. Within a week after learning of Ms. Herndon's death, Plaintiff moved to substitute the personal representative as the defendant.  Here "the real parties in interest received sufficient notice of the proceedings or were involved unofficially at an early stage [, accordingly] the statute of limitations should not be used mechanically to bar an otherwise valid claim."  See Chavez, 103 N.M. at  610, 711 P.2d at 887.

Because this suit was not a nullity, Judge Vidmar's Order substituting the parties stands. To the extent that Defendant argues Judge Vidmar's Order was improper, Defendant has waived any objections to the Order by failing to timely object.  See Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy. A party may

not assign as error a defect in the order not timely objected to."); <u>see</u> <u>also</u> D.N.M. LR-Civ. 73.1(a).

### III.    A Word of Advice to Defense Counsel

The Court originally set the Motion for Summary Judgment for hearing on October 9, 2013; however, that hearing was vacated on the oral request made by counsel for Defendant in a conversation with the Court's administrative assistant.  In fact, over the last few days there were numerous calls by local counsel as well as out of state counsel for Defendant to Court staff. Apparently there was disagreement among defense counsel over who would appear and argue the motion.  The Court has some suggestions for defense counsel for future hearings.  First, defense counsel should confer among themselves to determine who will appear in Court for a hearing as opposed to unnecessarily involving members of the Court's staff in these types of discussions.  Second, the Court learned the morning before the hearing that out of state counsel was involved in a trial and was not available for the hearing.  These types of situations frequently occur and they are easily resolved by calling opposing counsel to see if there is opposition to rescheduling the hearing whereupon a short one page unopposed motion to reschedule will usually suffice.  The Court routinely grants these types of motions.  Third, the Court frequently conducts telephonic hearings on motions involving out of town or out of state counsel provided counsel request to appear telephonically in advance of the hearing and the hearing does not involve witness testimony.  Finally, defense counsel are encouraged to become familiar with the Court's local rules and please remember that since the Bankruptcy Reference has been withdrawn, the local rules for the District Court shall apply.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (**Doc. No. 345**). is hereby **DENIED.**

_____

UNITED STATES DISTRICT JUDGE