## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**In Re:**
**THE VAUGHAN COMPANY, REALTORS**

    **Debtor(s).**

**JUDITH A. WAGNER,**

    **Plaintiff,**　　　　　　　　　　　　　**Master Case No. 12-cv-0817 WJ/SMV**

**v.**

| | |
|---|---|
| **JONATHAN LEVANN;** | (USDC Case No. 12-cv-0187 WJ/SMV) |
| **JULES APPELMAN, as personal representative of the estate of Shirley Herndon;** | (USDC Case No. 12-cv-0188 WJ/SMV) |
| **RONALD FRANK;** | (USDC Case No. 12-cv-0189 WJ/SMV) |
| **VICKI FRANK;** | (USDC Case No. 12-cv-0190 WJ/SMV) |
| **JULES APPELMAN, et al.;** | (USDC Case No. 12-cv-0197 WJ/SMV) |
| **DAVID DEFURIA;** | (USDC Case No. 12-cv-0200 WJ/SMV) |
| **DURANO ENTERS., LTD., et al.,** | (USDC Case No. 12-cv-0201 WJ/SMV) |
| **MICHAEL MENKE;** | (USDC Case No. 12-cv-0203 WJ/SMV) |
| **JAMES RICHARDS;** | (USDC Case No. 12-cv-0207 WJ/SMV) |
| **SCOTT O'HARA;** | (USDC Case No. 12-cv-0208 WJ/SMV) |
| **DANIEL FENTON, et al.;** | (USDC Case No. 12-cv-0241 WJ/SMV) |
| **MICHAEL ROSENBERG, et al.;** | (USDC Case No. 12-cv-0270 WJ/SMV) |
| **STEVEN PAZAND;** | (USDC Case No. 12-cv-0291 WJ/SMV) |
| **FRANCIS HOVORKA;** | (USDC Case No. 12-cv-0299 WJ/SMV) |

| | |
|---|---|
| **MOSTAFA JAFARI;** | (USDC Case No. 12-cv-0300 WJ/SMV) |
| **ABBAS ANSARI, et al.;** | (USDC Case No. 12-cv-0301 WJ/SMV) |
| **MARIE YEH, et al.;** | (USDC Case No. 12-cv-0303 WJ/SMV) |
| **MERRION FAMILY LTD. P'SHIP;** | (USDC Case No. 12-cv-0306 WJ/SMV) |
| **DENNIS FAHEY;** | (USDC Case No. 12-cv-0359 WJ/SMV) |
| **JERRY DAVIS, et al.;** | (USDC Case No. 12-cv-0360 WJ/SMV) |
| **SAID BANDI, et al.;** | (USDC Case No. 12-cv-0391 WJ/SMV) |
| **JILL PLAMAN,** | (USDC Case No. 12-cv-0496 WJ/SMV) |
| **MICHAEL PLAMAN, et al.,** | (USDC Case No. 12-cv-0497 WJ/SMV) |
| **STEVEN S. ETKIND, et al.,** | (USDC Case No. 12-cv-0754 WJ/SMV) |
| **DANIEL R. MOWERY, et al.;** | (USDC Case No. 12-cv-1105 WJ/SMV) |

**Defendants.**

## SCHEDULING ORDER

THIS MATTER came before the Court on a Rule 16 scheduling conference, held on October 15, 2013.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a "**Complex**" track classification.

All parties have until **November 15, 2013**, to produce the documents listed in their respective Joint Status Reports. Plaintiff(s) shall be allowed until **November 26, 2013**, to join additional parties and amend the pleadings (in compliance with the requirements of Fed. R. Civ.

2

P. 15(a)).  Defendant(s) shall be allowed until **December 10, 2013**, to join additional parties and amend the pleadings (in compliance with the requirements of Fed. R. Civ. P. 15(a)).

Plaintiff shall identify to all parties in writing any expert witness to be used by Plaintiff at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than **January 13, 2014**.  All other parties shall identify in writing any expert witness to be used by such parties at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than **February 13, 2014**.[1]

The termination date for discovery is **June 12, 2014,** and discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause.  This deadline shall be construed to require that discovery be completed on or before the above date.  Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline.  A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline.  The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **July 2, 2014**.  *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses

---

[1] Parties must formally disclose the identity of all testifying experts, even if the experts are not required to submit a Rule 26 expert report.  *See Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah, May 1, 2008).  Rule 26 expert reports are, under certain circumstances, required of treating physicians. *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during  [the] course of care and treatment . . . ."); *Blodgett*, 2008 WL 1944011, at *5 ("treating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient") (internal quotation marks omitted).

and replies. This deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing party by **July 14, 2014**. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. Any pretrial motions, other than discovery motions, filed after the above dates shall, in the discretion of the Court, be considered untimely.

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

Counsel are directed to file a consolidated final Pretrial Order as follows: Plaintiff to Defendant on or before **August 29, 2014**; Defendant to Court on or before **September 12, 2014**.

Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**