IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JUDITH A. WAGNER, Chapter 11 Trustee
of the Bankruptcy Estate of the Vaughan
Company, Realtors,**

      **Plaintiff,**

v.                                                  No. CV-12-817 WJ/SMV
                                                             (Master Case No.)

**DONALD LACY, DEANNA LACY, and**       No. CV-12-547 WJ/SMV
**DORIS LACY,**                                      (Case No.)

      **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING
LACY DEFENDANTS' MOTION TO DISMISS**

**THIS MATTER** comes before the Court upon Defendants' Donald Lacy, Deanna Lacy, and Doris Lacy's (*hereinafter* referred to collectively as "Lacy Defendants") Amended Motion to Dismiss or to Compel More Definite Statements and Withdrawal of Motion To Quash Service, filed September 25, 2013 **(Doc. No. 497)**. Having considered the parties' briefs and the applicable law, the Court finds that Defendants' motion is not well-taken and, therefore, is DENIED.

### Background

This case arises out of a Ponzi scheme perpetrated by Doug Vaughan. This adversary proceeding is one of many adversary proceedings initiated by the Chapter 11 Trustee seeking to recover payments made by Vaughan Company Realtors ("VCR") to parties who invested in VCR's promissory note program.[1] Lacy Defendants seek the dismissal of several of Plaintiff's

---

[1] The background facts underlying this matter have been extensively discussed by this Court in numerous opinions

claims against them based upon Plaintiff's alleged failure to state a claim. In the alternative, Lacy Defendants request that the Court compel Plaintiff to provide a more definite statement of the claims against them. Lacy Defendants previously filed a Motion to Dismiss, for More Definite Statement, and to Quash Service **(Doc. No. 434)**. Their Amended Motion is intended to replace the original motion in its entirety and also withdraws their request to quash service. Based upon intervening decisions entered by this Court in related cases under the Master Case Number and agreements with Plaintiff, Lacy Defendants have withdrawn a number of arguments raised in their Amended Motion[2]. Accordingly, the Court will only address the arguments that are still at issue.

## Discussion

### I.     Legal Standard

Fed. R. Civ. P. 12(b)(6) allows a defense for "failure to state a claim upon which relief can be granted." In asserting a claim, the claimant must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp.v. Twombly, 550 U.S. 544, 570 (2007). A claim challenged by a 12(b)(6) motion to dismiss does not require detailed factual allegations, but must set forth "more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." Id. at 555  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the [claimant's] complaint alone is legally sufficient to state a claim for which relief may be granted." Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the [claimant] can

---

entered in the Master Case No. 12CV817.
[2]   The Court would like to note Lacy Defendants' thoughtful consideration of what arguments to continue to pursue. Lacy Defendants attempted to save the Court time by detailing in their Reply what arguments are still at issue. Further, Lacy Defendants made a conscious decision not to continue forward with certain arguments because the Court had already rejected the identical argument made by other defendants in this matter. The Court commends Lacy Defendants' restraint and efforts to preserve this Court's resources.

prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957); see Ash Creek Mining Co. v. Lujan, 969 F.2d 868, 870 (10th Cir.1992). All well-pleaded factual allegations in the complaint are accepted as true, see Ash Creek Mining Co., 969 F.2d at 870, and viewed in the light most favorable to the nonmoving party, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Fed. R. Civ. P. 12(e) permits a party to file a motion for a more definite statement when that party is permitted to file a response to a pleading, but the pleading is so vague or ambiguous that a response cannot reasonably be expected to be framed.  Motions for a more definite statement made pursuant to Fed. R. Civ. P. 12(e) are generally disfavored in light of the liberal discovery provided under the federal rules, and such a motion may be granted only if a complaint is so vague or ambiguous that a defendant cannot reasonably determine the issues requiring a response.  See Peterson v. Brownlee, 314 F.Supp.2d 1150, 1155 (D. Kan. 2004).  "[W]hen addressing a Rule 12(e) motion, the court may consider whether the movant has knowledge of the information sought and will deny the motion if the movant's existing knowledge enables it to file a responsive pleading." Casanova v. Ulibarri, 595 F.3d 1120, 1125 (10th Cir. 2010) (citation omitted).  A motion for more definite statement "is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail." Barton v. Oxy USA, Inc., 04CV1123, *3 (D.N.M.  July 18, 2005) (citing Frazier v. Southeastern Pennsylvania Transp. Auth., 868 F.Supp. 757, 763 (E.D.Pa.1994).  The Federal Rules of Civil Procedure do not contemplate the pleading of all relevant facts in intimate detail, but merely a short and plain statement of a claim.  See Fed. R. Civ. P. 8(a)(2).  Additionally, a motion for a more definite statement is not a substitute for discovery. Franklin v. Shelton, 250 F.2d 92, 95-96 (10th Cir. 1957).

## II. Lacy Defendants Have not Demonstrated that Plaintiff Incorrectly Named Them as Parties

Lacy Defendants seek to dismiss Plaintiff's fraudulent transfer claims against them because they claim they were personally not involved in the allegedly fraudulent transfers which are the subject of Plaintiff's Complaint.  Instead Lacy Defendants allege the fraudulent transfers involved their IRAs, which they claim are separate entities from Lacy Defendants themselves.  Therefore, Defendants argue that the IRA accounts themselves should have be named instead of Lacy Defendants in regards to the transactions that only involved VCR and the IRA accounts, not Lacy Defendants personally.

Before turning to the merits of Defendants' Motion, the Court must first dispose of a number of Defendants' arguments.  In their Reply, Defendants raise entirely new arguments that were not addressed in their Motion and which Plaintiff did not have an opportunity to address.  Because the Court will not entertain a surreply by Plaintiff, the Court will not consider the additional arguments raised for the first time in Defendants' Reply.  See  Pippin v. Burlington Res. Oil And Gas Co., 440 F.3d 1186, 1192 (10th Cir. 2006) (in the context of a motion for summary judgment, "[Tenth Circuit] case law requires only that if the court relies on new materials or new arguments in a reply brief, it may not forbid the nonmovant from responding to these new materials.  Or, if the district court does preclude a surreply, then the court can avoid error only by not relying on the new materials and arguments in the movant's reply brief."); see also Pedroza v. Lomas Auto Mall, Inc., CIV 07-0591 JB/RHS, 2013 WL 4446770 (D.N.M. Aug. 2, 2013) ("[R]eply briefs reply to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration."); United States v. Lewis, 594 F.3d 1270, 1285 (10th Cir.2010) ("[In short, a party "may not hold

[a] specific ... [argument] in reserve until it is too late for the [other side] to respond."); M.D. Mark, Inc. v. Kerr–McGee Corp., 565 F.3d 753, 768 n. 7 (10th Cir.2009) (T]he general rule in [the Tenth] circuit is that a party waives issues and arguments raised for the first time in a reply brief...." Accordingly, the Court will only consider the argument raised in Defendants' Motion: that any transfers that took place between VCR and Lacy Defendants' IRA through ZIA Trust cannot form the basis for a claim against Lacy Defendants since the IRAs are separate entities and are not alter egos of the individuals for whose benefit the IRAs were established.[3]

There is scant case law on the issue of whether an IRA can be sued and if it cannot be sued directly, who is the proper party to name in a lawsuit involving an IRA.  Plaintiff has produced cites to several other jurisdictions, which as Defendants correctly point out, are not binding and are only persuasive to the extent that they are on point.  Although these cases seem to indicate that IRAs are not separate entities, Defendants aptly note that none of the cases cited by Plaintiff are exactly on point with the issue of whether an IRA is the proper party to be named regarding transfers made to the IRA.  Therefore, Plaintiff has not demonstrated that IRAs may be sued through their beneficiaries; on the other hand, Defendants have not demonstrated that they cannot.

Fortunately for the Court, it does not need to address this issue because it is not necessary for the resolution of Defendants' Motion.  The Court need not reach the legal question of the capacity of IRAs to be sued, because Defendants' argument is based upon their allegation that the facts in Plaintiff's Complaint are wrong.  Defendants are not only attempting to dispute the

---

[3] To be clear, the Court will consider the portions of Defendants' Reply which attempt to rebut specific arguments in Plaintiff's Response. However, the Court will not consider the new arguments that Defendants' IRAs are ERISA qualified plans and thus are protected by the anti-alienation provision and that all other creditors with potential claims are parties required to be joined under Fed. R. Civ. P. 19.  The Court will also not consider Defendants' argument that Zia Trust is a party required to be joined, because the Motion only argued that the IRA's themselves were indispensable parties.

law regarding IRAs, they are also attempting to dispute the facts underlying Plaintiff's claims. Defendants argue "the investments that the Trustee alleges were personally made [] by Defendants were actually transaction between different IRAs and VCR[]." See **(Doc. No. 497),** Defendants' Motion, p. 4.  Defendants admit that the Complaint alleges the transfers at issue were made directly to Lacy Defendants personally.  In considering motions to dismiss for failure to state a claim, the Court is to accept the facts in the Complaint as true. Ash Creek Mining Co., 969 F.2d at 870; see also Twombly, 550 U.S. 544, 555 (2007) (Court must proceed under the assumption "that all the allegations in the complaint are true (even if doubtful in fact)."). Therefore, there is no need to reach the legal issue of whether the IRA are the proper parties, because, as far as the Court is concerned at this stage, the allegedly fraudulent transfers were made directly to Lacy Defendants as plead in the Complaint, not their IRA accounts as alleged by Defendants. Thus, Defendants' Motion to Dismiss Plaintiff's claims involving transactions between Lacy Defendants' IRAs and VCR on the basis that the IRAs themselves are the proper parties is denied.

### III.     Plaintiff has Sufficiently Plead a Claim for Equitable Subordination

The Bankruptcy Code, 11 U.S.C. § 510(c), permits "equitable subordination" of all or a portion of a creditor's claims "for purposes of distribution."   A party seeking equitable subordination under § 510(c) must demonstrate:

    1. The claimant has engaged in inequitable conduct;
    2. The conduct has injured creditors or given unfair advantage to the claimant;and
    3. Subordination of the claim is not inconsistent with the Bankruptcy Code.

In re Castletons, Inc., 990 F.2d 551, 559 (10th Cir. 1993) (citation omitted).

"The critical inquiry ... is whether there has been inequitable conduct on the part of the party whose debt is sought to be subordinated." Id.   "In order to make a *prima facie* showing of inequitable conduct, [Plaintiff] must present material evidence of unfair conduct, and

demonstrate some culpability on [Defendant's] part.  In re Hedged-Investments Associates, Inc., 380 F.3d 1292, 1302 (10th Cir. 2004).   Inequitable conduct" for subordination purposes encompasses three categories of misconduct: "(1) fraud, illegality, and breach of fiduciary duties; (2) undercapitalization; or (3) claimant's use of the debtor as a mere instrumentality or alter ego."  Id., 380 F.3d at 1301 (10th Cir. 2004).

   Here, Plaintiff has alleged that Lacy Defendants acted inequitably by failing to conduct reasonable due diligence in making their investments, because they knew or should have known the rates of return on their investments were unreasonable.   Plaintiff also alleges that Lacy Defendants should have known VCR was insolvent at the time they accepted the Fourth Year Transfers, thus Lacy Defendants' acceptance of the Transfers and refusal to return them resulted in injury to VCR's other creditors.   Lacy Defendants generally argue that Plaintiff has failed to allege the elements of an equitable subordination claim but do not attack any one element in particular.  Based upon the Complaint's detailed allegations about why Lacy Defendants should have been aware of the Ponzi scheme and allegations regarding VCR's inability to pay other creditors based in part on the allegedly fraudulent transfers to Lacy Defendants, the Court finds that Plaintiff has sufficiently alleged a claim for equitable subordination.  The Court notes that this ruling is consistent with United States Bankruptcy Judge Robert Jacobvitz' opinion regarding similar claims brought by Plaintiff in a related adversarial proceeding.  In re Vaughan Co., Realtors, 11-10-10759 JA, 2013 WL 960143, *8 (Bankr. D.N.M. Mar. 11, 2013) ("The Court concludes that, based on detailed allegations regarding the fraudulent transfers and [Defendant's] inequitable conduct, the Trustee has alleged sufficient facts to state a claim under [] 11 U.S.C. § 510(c). The Court will therefore deny the Motion to Dismiss as to Count 9."). Accordingly, Defendants' Motion to Dismiss Plaintiff's equitable subordination claim is denied.

### IV.   Plaintiff has Sufficiently Identified the Allegedly Fraudulent Transfers

Lacy Defendants allege Plaintiff's fraudulent transfer claims should be dismissed because Plaintiff failed to specify which transfers it seeks to avoid.  Plaintiff's Complaint details three different categories of transfers involving each of the defendants: 1) Four Year Transfers; 2) Two Year Transfers; and 3) 90 Day Transfers.[4]  For each category of transfers for each Lacy Defendant, Plaintiff provides a total amount of money transferred during that period.  Plaintiff's Complaint alleges that Defendants knew or should have known all transfers during the relevant times outlined in the Complaint were wrongful.  See **(Doc. No. 1)**, BR 12-1107, Plaintiff's Complaint, ¶ 48.  Lacy Defendants claim it is "impossible to respond to these blanket statements" because Plaintiff has not identified specific transfers.  However, Plaintiff has identified the relevant time periods and alleged that **all** transfers made to Lacy Defendants from VCR were fraudulent.  Therefore, Lacy Defendants do not have to distinguish between different transfers from VCR in order to determine which transfers are alleged to be fraudulent, because all of the transfers during the relevant time period are allegedly fraudulent.  Far from being impossible, it is quite simple for Lacy Defendants to determine what transfers were made by VCR during the relevant time period.  Accordingly, the Court determines that Plaintiff has plead her fraudulent transfer claims sufficiently and there is no need for a more definite statement.

**IT IS THEREFORE ORDERED** that Defendants' Donald Lacy, Deanna Lacy, and Doris Lacy's Amended Motion to Dismiss or to Compel More Definite Statements and Withdrawal of Motion To Quash Service **(Doc. No. 497)** is hereby **DENIED.**

_____
UNITED STATES DISTRICT JUDGE

---

[4]  Plaintiff specifies that the timeline for each transfer is based upon the date on which VCR filed a petition for Bankruptcy, February 22, 2010, which Plaintiff refers to as the "Petition Date."