IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDITH A. WAGNER, Chapter 11 Trustee
of the Bankruptcy Estate of the Vaughan
Company, Realtors,

       Plaintiff,

v.                                                No.  CV-12-817 WJ/SMV
                                                            (Master Case No.)
                                                            Case No. CV-12- 263

IRENE TARRO

       Defendant.

MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON HER FRAUDULENT TRANSFER CLAIMS AGAINST IRENE TARRO

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Summary Judgment against Defendants Irene Tarro on Her Four Year Fraudulent Transfer Claims, filed September 24, 2013 (**Doc. No. 492**).  Having considered the parties' briefs and the applicable law, the Court finds that Plaintiff's Motion is partially well-taken and, therefore, is GRANTED in part and DENIED in part.

## Background

This case arises out of a massive Ponzi scheme perpetrated by Doug Vaughan through Vaughan Company Realtors ("VCR").  This adversary proceeding is one of many adversary proceedings initiated by the Chapter 11 Trustee seeking to recover payments made by VCR to parties who invested in VCR's promissory note program.[1]  In the present Motion, Plaintiff seeks

---

[1] The background facts underlying this matter have been extensively discussed by this Court in numerous opinions entered in the Master Case No. 12CV817.

summary judgment on her constructive and actual fraudulent transfer claims as set forth in Counts 4 and 5 of her Complaint.

## Undisputed Material Facts[2]

Douglas Vaughan operated the VCR promissory note program[3] from 1972 through the date VCR filed for bankruptcy, February 22, 2010 (*hereinafter* referred to as the "Petition Date"). The promissory note program involved VCR through Mr. Vaughan accepting money from investors in exchange for interest bearing promissory notes. The rates of interest on the promissory notes ranged between 8% to 40% per year. Mr. Vaughan used the money from investors to: 1) pay interest owed to previous investors; 2) pay himself; and 3) subsidize the operation of VCR. Mr. Vaughan did not disclose to his investors how the money was actually being used and instead, informed investors that the money was used for legitimate business operations. From as early as 2005, Mr. Vaughan used the money from later investors to pay the interest owed to previous investors, because VCR was not earning enough money from its business operations to pay the earlier investors. All of the money involved in these transactions was deposited to and withdrawn from VCR's operating account, including the money involved in the transfers to and from Defendants. From 2000 forward, VCR was insolvent and was operating at a loss of millions of dollars per year.

Irene Tarro invested a total amount of $225,000.00 in the VCR promissory note program. Over the life of her investments, Ms. Tarro received a total of $463,163.37 in transfers from

---

[2] The facts set forth below are supported by the evidence in the record and are undisputed. Defendant's disputes of Plaintiff's material facts have been resolved either by agreement of the parties or by the Court's determination that either the fact was not material or was not in genuine dispute. Further, Defendant attempted to provide additional facts. The Court finds that the additional facts proffered by Defendant were either unsupported by evidence or not material to the Court's decision regarding Plaintiff's Motion. Accordingly, the Court did not consider them when reaching its decision.

[3] Mr. Vaughan was indicted and convicted on criminal charges arising out of his activities as the director of the promissory note program. The undisputed material facts are taken, in part, from Mr. Vaughan's allocution to certain acts pursuant to his Plea Agreement. Mr. Vaughan is currently in federal prison.

VCR. Ms. Tarro did not receive one lump sum, however, she received several transfers which together totaled the above listed amount. Accordingly, Ms. Tarro received $238,163.37 in excess of her original investment ("Tarro Net Winnings").

## Discussion

### I.     Legal Standard for Motions for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. Once that burden is met, the nonmoving party must put forth specific facts showing that there is a genuine issue of material fact for trial; he may not rest on mere allegations or denials in his own pleadings. Anderson v. Liberty Lobby, 477 U.S. 242, 256-57 (1986). In order to avoid summary judgment, the nonmoving party must put forth enough evidence that a reasonable jury could return a verdict in the nonmovant's favor. Id. at 249. A mere scintilla of evidence in the nonmovant's favor is not sufficient. Id. at 252.

### II.    Plaintiff has Established the Elements of Actual and Constructive Fraudulent Transfers as a Matter of Law

The Court recently ruled on this precise issue in its Memorandum Opinion and Order Granting Plaintiff's Amended Motion for Partial Summary Judgment Against Defendants Andy and Julie Feld on Trustee's Fraudulent Transfer claims. See **(Doc. No. 627)**, entered November 27, 2013 ("Order on Feld Defendants"). This Court determined, as a matter of law, that in regards to Feld Defendants' Net Winnings: (1) each of the transfers at issue was made with the actual intend to defraud creditors; (2) between at least January 1, 2005 and the Petition Date,

3

VCR was insolvent and intended to incur debts beyond its ability to pay; (3) VCR received no value in exchange for the transfer of Net Winnings; and (4) each of the transfers at issue constituted a transfer of an interest of the debtor in property.[4]  Ms. Tarro, as with the Feld Defendants, ended up with net winnings based upon her investments with VCR.  Although the amounts of the transfers vary, there is nothing about the circumstances surrounding the allegedly fraudulent transfers VCR made to Ms. Tarro that sets these transfers apart from the transfers addressed in the Order on Feld Defendants.  Further, the briefing regarding both Feld Defendants and Ms. Tarro by Plaintiff and both sets of Defendants is nearly identical.  Therefore, the same reasoning stated in the Order on Feld Defendants applies to Plaintiff's fraudulent transfer claims in regards to Ms. Tarro's Net Winnings.  Accordingly, the Court finds that Plaintiff has established as a matter of law the following elements of her fraudulent transfer claims in regards to Ms. Tarro's Net Winnings: 1) the transfers at issue were made with the actual intent to hinder creditors based upon the Ponzi scheme presumption; 2) between at least January 1, 2005 and the Petition Date, VCR was insolvent and intended to incur debts beyond its ability to pay; 3) VCR received no value in exchange for the transfer of Net Winnings; and 4) each of the transfers at issue constituted a transfer of an interest of the debtor in property.

**III.     Plaintiff is not Entitled to a Money Judgment on her Fraudulent Transfer Claims**

In addition to a finding that Plaintiff has met the elements of her fraudulent transfer claims as a matter of law, Plaintiff also requests that a money judgment be entered in her favor on these claims.  Plaintiff's fraudulent transfer claims are based upon a four year "look back" period.  See NMSA 1978 § 56-10-23.  Plaintiff's four-year transfer claims are calculated based upon the date that VCR filed for bankruptcy, February 22, 2010 ("Petition Date").  Plaintiff has generally alleged the amount of net winnings paid to Ms. Tarro during the lifetime of her

---

[4]  For a more detailed explanation of the basis for these rulings, see **(Doc. No. 627)**.

investments, but has not sufficiently detailed when these transfers occurred and the precise amounts paid to Ms. Tarro during each transfer. As noted above, Ms. Tarro received more than one transfer of funds from VCR. Plaintiff has failed to demonstrate the timing and amount of each allegedly fraudulent transfer. Accordingly, Plaintiff has not established as a matter of law that she is entitled to a money judgment on her four year fraudulent transfer claims.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment against Defendants Irene Tarro on Her Four Year Fraudulent Transfer Claims **(Doc. No. 492)** is hereby **GRANTED in Part**. The Court shall enter the following conclusions of law in the Trustee's favor: (1) each of the transfers at issue was made with the actual intend to defraud creditors; (2) between at least January 1, 2005 and the Petition Date, VCR was insolvent and intended to incur debts beyond its ability to pay; (3) VCR received no value in exchange for the transfer of Net Winnings; and (4) each of the transfers at issue constituted a transfer of an interest of the debtor in property.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED in part**, to the extent that Plaintiff requests a money judgment against Irene Tarro. Plaintiff has not yet proven the amount and timing of the transfers as a matter of law. Therefore, Plaintiff is not entitled to a money judgment as to her four year fraudulent transfer claims.

UNITED STATES DISTRICT JUDGE