IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JUDITH A. WAGNER, Chapter 11 Trustee
of the Bankruptcy Estate of the Vaughan
Company, Realtors,**

      **Plaintiff,**

v.                                                  No. CV-12-817 WJ/SMV
                                                          (Master Case No.)

**JONATHON LEVANN, ET AL.**

      **Defendants.**

## ORDER STRIKING DOC NOS. 679, 680, AND 681

**THIS MATTER** comes before the Court *sua sponte*. On December 13, 2013, Plaintiff filed a Motion for Partial Summary Judgment Against All Defendants On All But One Element of Trustee's Prima Facie Case On Actual and Constructive Fraudulent Transfers (**Doc. No. 679**) along with a Brief in Support (**Doc. No. 680**) and Notice of Filing Additional Exhibits (**Doc. No. 681**). For the reasons discussed further below, each of these pleadings must be revised and shall be struck.

A number of adversarial actions were filed by the Trustee of the Bankruptcy Estate of the Vaughan Company, Realtors ("VCR") against investors in the VCR promissory note program seeking to recover allegedly fraudulent transfers. The Court, for efficiency purposes, consolidated each of the individual cases under a master case number. The Court's decision was premised on the idea that each of the individual cases, while still presenting some unique issues, would involve resolution of similar factual and legal questions. All of the parties in this matter have recognized that the individual cases share certain characteristics. Plaintiff previously filed

two Motions for Partial Summary Judgment seeking certain findings of law regarding "net winners", **(Doc. Nos. 492 and 501)**.  The Court granted both of Plaintiff's Motions for Partial Summary Judgment to the extent that they were requesting findings of law rather than an entry of a money judgment in Plaintiff's favor.  <u>See</u> Memorandum Opinion and Order Granting Plaintiff's Motion for Partial Summary Judgment **(Doc. No. 627)**; Memorandum Opinion and Order Granting in Part and Denying in Part Plaintiff's Motion for Partial Summary Judgment **(Doc. No. 634)**.  Specifically the Court made the same findings of law in each Order:

> (1) each of the transfers at issue was made with the actual intend to defraud creditors;
> (2) between at least January 1, 2005 and the Petition Date, VCR was insolvent and intended to incur debts beyond its ability to pay;
> (3) VCR received no value in exchange for the transfer of Net Winnings; and
> (4) each of the transfers at issue constituted a transfer of an interest of the debtor in property.

In the instant Motion, Plaintiff requests a number of the same conclusions of law in regards to the remaining Defendants whom the previously filed Motions for Partial Summary Judgment did not address.  <u>See</u> **(Doc. No. 679)**, pp. 8-9 (requesting findings that VCR was insolvent, each of the transfers at issue was made with actual intent to defraud, the net winning transfers were not made for reasonably equivalent value, and transfers constitute property of the estate).  Nowhere in the forty-three (43) page brief does Plaintiff reference the Court's previous rulings on this matter even though the Court's rulings were based upon facts applicable to VCR generally, rather than facts based upon specific Defendants.  Instead, Plaintiff urges the Court to adopt the reasoning of United States Bankruptcy Judge Robert Jacobvitz who issued a ruling on a similar motion filed by Plaintiff regarding Defendants who had not withdrawn the reference to the Bankruptcy Court.  The Court cannot fathom why Plaintiff failed to incorporate or otherwise make reference to the Court's previous Orders.  Perhaps the previous Motions for Partial

Summary Judgment were "test cases" and once Plaintiff received a favorable result, she filed the instant motion which was already drafted and "waiting in the wings." While the Court takes no issue with Plaintiff planning ahead, Plaintiff could have easily revised the already drafted brief to include reference to the Court's rulings on identical factual and legal issues.

"The Court reminds counsel that it is not its job to do counsel's work of organizing or formulating a party's arguments." Hauff v. Petterson, 755 F. Supp. 2d 1138, 1150 (D.N.M. 2010). Plaintiff's failure to reference the Court's previous rulings immediately struck the Court upon review of Plaintiff's Motion. As the briefing currently stands, the Court would be forced to apply its previous rulings to the facts and arguments presented by Plaintiff's Motion. This task should be undertaken by Plaintiff. Although the individual cases remain separate cases, it is clear that these cases are related, because they all concern factual and legal determinations regarding the VCR promissory note program. Thus, the Court finds that Plaintiff's Motion should be revised to include an analysis of the Court's rulings on the previous Motions for Partial Summary Judgment[1]. "[I]t is well established that federal district courts possess the power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp., 296 F.3d 982, 985 (10th Cir. 2002) (citation omitted). Accordingly, Plaintiff's Motion, Brief in Support, and Notice of Filing Additional Exhibits **(Doc. Nos. 679, 680, 681)** shall be stricken from the record.

**IT IS THEREFORE ORDERED,** Plaintiff's Motion for Partial Summary Judgment, Brief in Support, and Notice of Filing Additional Exhibits **(Doc. Nos. 679, 680, 681)** are hereby struck. Plaintiff shall have fourteen (14) days from the entry of this Order to submit a revised

---

[1] The Court recognizes that the instant Motion raises factual and legal issues not addressed in the previous Orders. The Court is not mandating, or inviting, Plaintiff to rely exclusively on the Court's previous Orders.

brief including an analysis of the import of the Court's rulings on Plaintiff's previous Motions for Partial Summary Judgment. After the amended motion is filed, this matter shall follow the ordinary briefing schedule outlined in the local rules of this Court. Defendants are encouraged, but not required, to file joint responses to the amended motion.

_____
UNITED STATES DISTRICT JUDGE