IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDITH A. WAGNER, Chapter
11 Trustee of the bankruptcy estate
of The Vaughan Company, Realtors,

                              **Master Case No. 12-CV-00817-WJ-SMV**

            Plaintiff,

v.

| | |
|---|---|
| JONATHAN LEVANN, | Case No. 12-CV-00187-WJ-SMV |
| JULES APPELMAN, as personal representative of the estate of Shirley Herndon, | Case No. 12-CV-00188-WJ-SMV |
| RONALD FRANK, | Case No. 12-CV-00189-WJ-SMV |
| VICKI FRANK, individually and as Trustee of the Vicki Frank Trust dated April 13, 2004, | Case No. 12-CV-00190-WJ-SMV |
| JULES APPELMAN, individually, JULES APPELMAN AS TRUSTEE OF THE JULES F. APPELMAN TRUST, and ACADEMY PLUMBING, HEATING, AIR CONDITIONING & ELECTRIC, INC. d/b/a Academy Deferred, | Case No. 12-CV-00197-WJ-SMV |
| DAVID DEFURIA, | Case No. 12-CV-00200-WJ-SMV |
| MICHAEL MENKE, | Case No. 12-CV-00203-WJ-SMV |
| JAMES RICHARDS, individually and as Trustee of the James Richards Revocable Trust, | Case No. 12-CV-00207-WJ-SMV |
| SCOTT O'HARA, | Case No. 12-CV-00208-WJ-SMV |
| DANIEL FENTON, and NANCY FENTON, | Case No. 12-CV-00241-WJ-SMV |
| MICHAEL ROSENBERG, individually, MICHAEL ROSENBERG, as trustee of the Rosenberg SRE Trust, dated September 19, 1991, JOHN DOE, as trustee of the Rosenberg | Case No. 12-CV-00270-WJ-SMV |

| | |
|---|---|
| SRE Trust, dated September 19, 1991, and EMILY ROSENBERG, | |
| STEVEN PAZAND, | Case No. 12-CV-00291-WJ-SMV |
| FRANCIS HOVORKA, | Case No. 12-CV-00299-WJ-SMV |
| MOSTAFA JAFARI, MARTEZA JAFARI a/k/a MORTEZA JAFARI a/k/a MORI JAFARI, MARYAM JAFARI, MELIKA JAFARI, MOHAMMAD REZA JAFARI, ZAHRA JAFARI, VAHID DERISS, MOJTABA JAFARI, and FARZANEH JAFARI, | Case No. 12-CV-00300-WJ-SMV |
| ABBAS ANSARI and PEYMANEH POUR, husband and wife, | Case No. 12-CV-00301-WJ-SMV |
| MARIE YEH, individually and as personal representative of the estate of Chon-Chiun Yeh, JENNY YEH NELSON, JULIE C. LOUIE, DAVID L. LOUIE, JOHN DOE, as trustee of the YEH FAMILY REVOCABLE TRUST uta dated October 2, 2001, JIMMY CHIH MING YEH a/k/a JIMMY C. YEH, RACHEL HANYEH, and MARIE YEH as personal representative of the estate of Chon-Chiun Yeh d/b/a Chinese Acupuncture Clinic, | Case No. 12-CV-00303-WJ-SMV |
| MERRION FAMILY LIMITED PARTNERSHIP, a/k/a Merrion Limited Partnership, | Case No. 12-CV-00306-WJ-SMV |
| DENNIS FAHEY, | Case No. 12-CV-00359-WJ-SMV |
| JERRY DAVIS and CONNIE DAVIS, | Case No. 12-CV-00360-WJ-SMV |
| SAID BANDI a/k/a SAID ALAGHE BANDI, individually, SAID BANDA d/b/a Bandi Engineering, BANDI ENGINEERING COMPANY, INC., ADF FINANCIAL, INC., SHAHLA BANDI a/k/a SHAHLA ZOLFAGHARI, MARYAM ALAGHE-BANDI, HAMID ALAGHE BANDI, HOSSEIN ALAGHE BANDI, ABDUL DABIRI, SHARAREH SHAHIN, And NEW MEXICO ACCOUNTING SPECIALISTS, INC., | Case No. 12-CV-00391-WJ-SMV |

| | |
|---|---|
| STEVEN S. ETKIND and SHERRY ETKIND, husband and wife; STEVEN S. ETKIND, as trustee of STEVEN AND SHERRY ETKIND REVOCABLE LIVING TRUST; and TALIA ETKIND, | Case No. 12-CV-00754-WJ-SMV |
| DANIEL R. MOWERY, and MARSHA J. MOWERY, | Case No. 12-CV-01105-WJ-SMV |

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTIONS FOR LEAVE TO FILE AMENDED ANSWER

**THIS MATTER** comes before the Court upon various Defendants' Motions for Leave to File Amended Answer, filed December 10, 2013 (**Doc. Nos. 650-671**). Having considered the parties' briefs and the applicable law, the Court finds that Defendants' motions are not well-taken and, therefore, are DENIED.

## Background

Doug Vaughan ran a Ponzi scheme which landed him in federal prison and resulted in his company, Vaughan Company Realtors ("VCR") filing for bankruptcy protection. The above captioned adversary proceedings were filed by the Chapter 11 Trustee seeking to recover payments made by VCR to various parties who invested in VCR's promissory note program.[1] A number of Defendants in the individual cases, identified in the caption of this Order, (*hereinafter* referred to as "Movant Defendants") filed separate Motions for Leave to File Amended Answer (Doc. No. 650-671). Although Movant Defendants filed separate motions, Plaintiff responded to all of Movant Defendant motions in one pleading (**Doc. No. 695**). Likewise, Movant Defendants consolidated all of their replies in a single pleading, **Doc. No. 699**. The Court agrees with the procedure by which parties handled the briefing of this matter, because all of the Movant

---

[1] The background facts underlying this matter have been extensively discussed by this Court in numerous opinions entered in the Master Case No. 12CV817.

Defendants request the same relief: leave to file an Amended Answer in order to add the *in pari delicto* defense. Accordingly, the Court will address all of the pending motions in this single Order.

**Discussion**

**I.      Legal Standard**

When a party moves to amend its pleading, Rule 15 instructs that "[t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). "Although Fed.R.Civ.P. 15(a) requires leave to amend be given freely, that requirement does not apply where an amendment obviously would be futile." TV Commc'ns Network, Inc. v. Turner Network Television, Inc., 964 F.2d 1022, 1028 (10th Cir. 1992). A proposed amendment is futile if the complaint [or affirmative defense], as amended, would be subject to dismissal." Jefferson County Sch. Dist. v. Moody's Investor's Services, 175 F.3d 848, 859 (10th Cir.1999). "The district court has discretion when considering whether to allow a [party] to amend its [pleading]". TV Commc'ns Network, Inc., 964 F.2d at 1028.

**II.     Movant Defendants' Proposed Amendment to Add the Defense of *In Pari Delicto* Would be Futile, Because that Defense does not Apply to Plaintiff's Claims**

The only change Movant Defendants wish to make to their previous Answers is to add the defense of *in pari delicto*. The doctrine of *in pari delicto* prohibits a wrongdoer from profiting from his or her own wrongful acts. Pinter v. Dahl, 486 U.S. 622, 632 (1988). The doctrine derives from the latin phrase "*in pari delicto potior est conditio defendentis,*" which means "in the case of equal or mutual fault … the position of the [defending] party … is the better one." Mosier v. Calliter, Nebeker & McCullough, 546 F.3d 1271, 1275 (10th Cir. 2008) (quoting Bateman Eichler, Hill Richards, Inc. v. Berner, 472 U.S. 299, 306 (1985)). It is grounded on two premises: "first, that courts should not lend their good offices to mediating

4

disputes among wrongdoers; and second, that denying judicial relief to an admitted wrongdoer is an effective means of deterring illegality." Id.  Generally, when wrongful conduct is perpetrated by a debtor who subsequently commences a bankruptcy case, the defense of *in pari delicto* is available in an action against a third party by a bankruptcy trustee if the defense could have been raised against the debtor before the commencement of the case.  Id.  (internal quotations omitted).  However, the *in pari delicto* doctrine does not bar actions brought under the trustee's avoidance powers pursuant to 11 U.S.C. §§ 544(b), 547, and 548.  See In re Fordu, 209 B.R. 854, 863 (6th Cir. B.A.P. 1997) ("Courts have consistently recognized that [a] [t]rustee may pursue fraudulent or preferential transfers despite the fact that the debtor was a knowing and willing participant to such conveyances."); see also In re Personal and Business Ins. Agency, 334 F.3d 239, 246-247 (3rd Cir. 2003) (holding that a debtor's conduct is not imputed to the trustee in an avoidance action under Section 548).

The rationale for distinguishing between claims that became property of the estate under Section 541 and claims arising under Sections 544(b), 547, and 548, for purposes of applying the *in pari delicto* doctrine, derives from whether the pre-petition debtor could have asserted the claims. With limited exceptions not applicable here, claims that became property of the estate under Section 541 are claims the debtor could have asserted pre-petition.  Because the bankruptcy trustee stands in the shoes of the pre-petition debtor as to those claims, he or she is tainted by the debtor's wrongdoing when asserting the claims.  In contrast, Sections 544(b), 547, and 548 confer avoidance powers onto the trustee that do not exist independently of or arise prior to the commencement of a bankruptcy case. As a result, such claims could not have been asserted by the pre-petition debtor.  Because the bankruptcy trustee does not stand in the shoes of the pre-petition debtor as to those claims, the debtor's pre-petition wrongdoing does not taint the

5

claims. Further, with respect to Section 544(b), the trustee stands in place of an unsecured creditor rather than the debtor. Sender v. Simon, 84 F.3d 1299, 1304 (10th Cir.1996). Since the claim is viewed from the creditor's perspective, the claim has not been tainted by the debtor's wrongdoing. Thus, the bankruptcy trustee is not subject to the *in pari delicto* defense in actions commenced under Section 544(b). See e.g., In re Porter McLeod, Inc., 231 B.R. 786, 794 (Bankr. D.Colo. 1999) ("[T]he doctrine [of *in pari delicto*] applies only to the trustee in his [or her] 'debtor' status, not as 'creditor.'").

Plaintiff argues that the Movant Defendant's proposed amendment to add the *in pari delicto* defense is futile. The Court has already denied Defendant Menke's Motion to Dismiss Plaintiff's claims based upon this defense. See **(Doc. No. 254)**, filed March 29, 2013, Order Granting in Part and Denying in Part Motion to Dismiss Complaint, p. 3 ("The Court finds that the Trustee's avoiding powers to assert claims under Sections 544, 547 and 548 are statutory avoiding powers established under the Bankruptcy Code. Consequently, these claims brought pursuant to the Trustee's avoiding powers are not subject to the *in pari delicto* defense."). The Court also previously held that Plaintiff had Article III standing to bring the instant suit. See id. Movant Defendants acknowledge that this Court has previously rejected the application of the defense to Plaintiff's claims and determined Plaintiff has standing, but argue that the Court's prior ruling "failed to appreciate that a mere statute authorizing a trustee to utilize avoidance powers does not if [*sic*] of itself establish Article III standing." Movant Defendants allege that because the *in pari delicto* defense can establish that Plaintiff does not have an injury in fact, a requirement for standing, that the requested leave to amend to add the defense is not futile. [2]

---

[2] Although the Court acknowledges the relationship between the *in pari delicto* defense and Article III standing, it remains confused by the large portion of Movant Defendants' brief devoted exclusively to rearguing the issue of Article III standing that the Court has already ruled upon. It appears as though Defendants are attempting to use the Motion to Amend as a motion for reconsideration, which the Court finds improper, because the issue of standing is

The Court finds no reason to revisit its ruling on Article III, notwithstanding Movant Defendants' argument "it failed to appreciate" certain arguments raised by Defendants. The Court also stands by its ruling that because the instant suit is brought pursuant to Plaintiff Trustee's avoidance powers, the defense of *in pari delicto* is inapplicable to Plaintiff's claims. In the present case, Sections 544(b) and 548 confer avoidance powers onto the Trustee. The Trustee's avoidance claims did not exist prior to commencement of the VCR bankruptcy case and did not arise independently of the commencement of a bankruptcy case. The Trustee therefore does not stand in VCR's shoes as to those claims, and the wrongdoing of Doug Vaughn and/or VCR does not taint the claims. Further, as to the claims under Section 544(b), the Trustee stands in the shoes of any unsecured creditor entitled to assert a fraudulent transfer claim under the New Mexico Fraudulent Transfer Act, not in VCR's shoes. Thus, Movant Defendants' proposed amendment is futile and their request for leave to amend is accordingly denied.

**IT IS THEREFORE ORDERED** that Movant Defendants' Motions for Leave to File Amended Answer (**Doc. Nos. 650-671**) are hereby **DENIED.**

_____
UNITED STATES DISTRICT JUDGE

---

not before the Court on the Motion to Amend, only the *in pari delicto* defense.