# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

In Re:
**THE VAUGHAN COMPANY, REALTORS**

    **Debtor(s).**

**JUDITH A. WAGNER,**

    **Plaintiff,**                **Master Case No. 12-cv-0817 WJ/SMV**

**v.**

**JULES APPELMAN, et al.;**        (USDC Case No. 12-cv-0197 WJ/SMV)

**MICHAEL MENKE;**             (USDC Case No. 12-cv-0203 WJ/SMV)

**JAMES RICHARDS;**            (USDC Case No. 12-cv-0207 WJ/SMV)

**DANIEL FENTON, et al.;**        (USDC Case No. 12-cv-0241 WJ/SMV)

**MOSTAFA JAFARI; et al.;**        (USDC Case No. 12-cv-0300 WJ/SMV)

**ABBAS ANSARI, et al.;**         (USDC Case No. 12-cv-0301 WJ/SMV)

**MARIE YEH, et al.;**             (USDC Case No. 12-cv-0303 WJ/SMV)

**SAID BANDI, et al.;**             (USDC Case No. 12-cv-0391 WJ/SMV)

**DONALD LACY, et al.;**         (USDC Case No. 12-cv-0547 WJ/SMV)

**STEVEN S. ETKIND, et al.,**       (USDC Case No. 12-cv-0754 WJ/SMV)

    **Defendants.** [1]

---

[1] Plaintiff originally filed her motion to strike jury demands in a number of cases that have been since been closed and are not included in the caption.  Although Plaintiff filed her motion to strike jury demands in *Appelman*, 12-cv-0197, *see* [Doc. 683], she appears to have abandoned her arguments against the *Appelman* Defendants in her reply.  *See* [865] at 1–2.

## <u>MEMORANDUM OPINION AND ORDER</u>
## <u>GRANTING PLAINTIFF'S MOTION TO STRIKE JURY DEMANDS</u>

THIS MATTER is before the Court on Plaintiff's Motion to Strike Jury Demands [Doc. 683] ("Motion"), filed on December 17, 2013. Defendants Donald Lacy, Deanna Lacy, and Doris Lacy (collectively "Lacy Defendants") responded on December 23, 2013. [Doc. 694]. All other Defendants (collectively "Multicase Defendants") responded on May 2, 2014. [Doc. 822]. Plaintiff replied on May 16, 2014. [Doc. 865]. The Court, having considered the briefing, relevant law, the records in bankruptcy court, and the records of all proceedings in this Court,[2] and being fully advised in the premises, finds that the Motion is well-taken and shall be GRANTED.

### Background

The instant proceedings arise out of a Ponzi scheme perpetrated by Doug Vaughan through Vaughan Company, Realtors ("VCR"). On February 22, 2010, Chapter 11 bankruptcy proceedings were initiated on behalf of VCR. *See In re Vaughan Company*, No. 10-10759-j11 (Bankr. D.N.M. June 12, 2014). As part of those proceedings, the bankruptcy court set February 11, 2011, as the bar date for submitting claims against the estate. *See id.*, [Doc. 380]. A number of creditors filed timely proofs of claim in bankruptcy court. In 2012, Plaintiff, the trustee of the VCR bankruptcy estate, began instituting adversary proceedings against some of those creditors and other non-creditors, seeking to recover allegedly fraudulent transfers made by VCR. The defendants in those adversary proceedings requested that the reference to bankruptcy court be withdrawn, and that Plaintiff's fraudulent-transfer claims be adjudicated in this Court. By August 10, 2012, this Court had granted the requests for withdrawal of the reference to

---

[2] The parties declined the Court's invitation to hold oral argument on the instant motion.

bankruptcy court and consolidated all of the withdrawn adversary proceedings into the instant master case. *See* [Doc. 23].

On December 17, 2013, Plaintiff filed the instant Motion seeking to strike the jury demands of various Defendants that had filed proofs of claim, along with several Defendants that had not filed proofs of claim. [Doc. 683]. In her reply, however, Plaintiff withdrew her motion as to those Defendants that had not filed proofs of claim, with the exception of Defendant Sherry Etkind. [Doc. 865] at 9. Plaintiff also informed the Court that she had reached settlement with a number of Defendants and that the Motion no longer applied to them. *See id.* at 1–2. As a result, Plaintiff now seeks to strike the jury demands of only the following Defendants:[3]

| U.S.D.C. Underlying Case No. | Defendant(s) | Claim Number(s) (filed in *In re Vaughan Company*, No. 10-10759-j11) | Jury Demand (filed in *Wagner v. Levann*, 12-cv-0817) |
|---|---|---|---|
| 12-cv-0203 | Michael Menke | 199 | Doc. 283 |
| 12-cv-0207 | James Richards | 283, 284, 301, 424 | Doc. 288 |
| 12-cv-0241 | Daniel Fenton<br>Nancy Fenton | 336, 337, 338, 339<br>334 | Doc. 264 |
| 12-cv-0300 | Mostafa Jafari<br>Morteza Jafai<br>Maryam Jafari<br>Melika Jafari<br>Mohammad Reza Jafari<br>Farzeneh Jafari<br>Mojtaba Jafari | 277<br>264<br>278<br>279<br>281<br>84<br>84 | Doc. 268 |
| 12-cv-0301 | Abbas Ansari<br>Peymaneh Pour | 526<br>533 | Doc. 281 |
| 12-cv-0303 | Marie Yeh<br>Jenny Yeh Nelson<br>Jimmy C. Yeh | 391, 439<br>390, 438<br>280 | Doc. 275 |

---

[3] In the conclusion to her reply, Plaintiff includes Jonathan Levann in the list of Defendants that should have their jury demands struck. *See* [Doc. 865] at 11. However, Plaintiff makes no mention of Defendant Levann anywhere in her Motion [Doc. 683] or anywhere else in her reply. Furthermore, neither of Plaintiff's filings includes the case number of the case involving Defendant Levann in the caption. Having reviewed the claims register and finding no proof of claim submitted by Defendant Levann, the Court believes that he has been listed by Plaintiff in error.

| 12-cv-0391 | Said Bandi | 585 | Doc. 597 |
| | Bandi Engineering Co., Inc. | 585 | |
| 12-cv-0547 | Donald Lacy | 379 | Docs. 4, 9* |
| | Deanna Lacy | 380 | |
| 12-cv-0754 | Steven Etkind | 501 | Doc. 263 |
| | Talia Etkind | 498 | |
| | Sherry Etkind | No proof of claim filed | |

* These jury demands are located in *Wagner v. Lacy*, Adversary No. 12-1107-j (Bankr. D.N.M. June 6, 2012).

### Analysis

A motion to strike a jury demand raises a non-dispositive issue appropriate for resolution by the undersigned. *See* 28 U.S.C. § 636(b)(1)(A); *United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1008 (3d Cir. 1987); *United States v. Carlson*, No. 06-cv-00275-WYD-MEH, 2006 WL 2869122, at *1 n.1 (D. Colo. Oct. 6, 2006) (unpublished).

The Multicase Defendants argue that they are entitled to a jury trial because they did not waive their right to a jury trial.  [Doc. 822] at 9.  Additionally, they argue that they are entitled to a jury trial because the withdrawal of the reference to bankruptcy court has severed these proceedings from the claims-allowance process.  *Id.* at 12–15.  They argue also that Defendant Sherry Etkind has an unassailable right to a jury trial because she did not file a proof of claim. *Id.* at 16–19.  Lastly, they argue that they should be allowed leave to withdraw their proofs of claim in bankruptcy court in order to restore their right to a jury trial.  *Id.* at 19. The Lacy Defendants respond separately to argue the motion is moot as to them because they have withdrawn their proofs of claim.  [Doc. 694] at 2.  The Court addresses Defendants' arguments in turn.

**I.**     **Any right to a jury trial is extinguished, not waived, once a proof of claim is filed.**

The Multicase Defendants argue that they are entitled to a jury trial because they did not knowingly waive their right to a jury trial.  [Doc. 822] at 9.  However, waiver is not the proper concept to characterize the loss of Defendants' right to a jury trial.

The Seventh Amendment provides that "[i]n Suits at common law . . . the right of trial by jury shall be preserved[.]"  U.S. CONST. amend. VII.  The Supreme Court has consistently interpreted that language to mean that a jury trial is preserved in suits analogous to those filed in 18th-century English courts of *law*.  *See Tull v. United States*, 481 U.S. 412, 417–18 (1987); *Parsons v. Bedford*, 3 Pet. 433, 447 (1830).  Actions analogous those tried in English courts of *equity* or admiralty do not entitle the participants to a jury trial.  *See Parsons*, 3 Pet. at 447.

An action to recover a preferential or fraudulent transfer is normally considered an action at law such that the right to a jury trial is preserved under the Seventh Amendment.  *See Granfinanciera, S.A., v. Nordberg*, 492 U.S. 33, 43–44, 56 (1989).  However, an exception is where a creditor files a proof of claim against a bankruptcy estate.  In doing so, that creditor triggers the process of allowance and disallowance of claims, thereby subjecting himself to the bankruptcy court's equitable power.  *Id.* at 58–59.  If the trustee then sues the creditor in an action to determine preference liability or recover a fraudulent transfer, that action becomes part of the claims-allowance process.  *See Langenkamp v. Culp*, 498 U.S. 42, 44 (1990).  Because the creditor's claim and the ensuing action by the trustee are integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity* jurisdiction*,* there is no Seventh Amendment right to a jury trial.  *See id.* at 44–45.

Courts have remarked that where a proof of claim is filed with the bankruptcy court, the nature of the adversary proceeding is transformed from one sounding in law to one sounding in

5

equity.  *See Germain v. Conn. Nat. Bank,* 988 F.2d 1323, 1330 (2d Cir. 1993) ("[T]he right to a jury trial is lost not so much because it is waived, but because the legal dispute has been transformed into an equitable issue.").  Accordingly, the Multicase Defendants' contention that they did not knowingly waive their right to a jury trial is not germane.  While they argue based on *In re Brooke Corp.* and *Mirant Corp.* that there must be waiver of the right to a jury trial, *see* [Doc. 822] at 4, such authority is easily distinguishable.  In those cases, the claims involved in the adversary proceedings did not implicate the claims-allowance process.  *See In re Brooke Corp.*, No. 08-22786, 2011 WL 4971503, at *4 (Bankr. D. Kan. Sept. 14, 2011) ("The Trustee has made no argument that resolution of the Adversary Case will directly implicate the claims resolution process."); *Mirant Corp. v. The S. Co.*, 337 B.R. 107, 121 (N.D. Tex. 2006) ("Resolution of the legal claims raised in this action will not directly affect the liability or priority of Southern's proofs of claim in the bankruptcy cases, . . . nor do the legal claims asserted in this action arise as part of the process of allowance or disallowance of claims in bankruptcy[.]").  Here, by contrast, Plaintiff seeks either disallowance of Defendants' claims under 11 U.S.C. § 502(d) or equitable subordination under § 510(c).  Accordingly, the proceedings in this Court implicate the claims-allowance process.  Therefore, the Defendants that filed a proof of claim have had their rights to a jury trial extinguished.

## II.   Withdrawal of the reference from bankruptcy court does not preserve the right to a jury trial.

Relying on *Picard v. Katz*, 825 F. Supp. 2d 484 (S.D.N.Y. 2011), the Multicase Defendants argue that withdrawal of the reference to bankruptcy court pursuant to 28 U.S.C. § 157(d) has severed these proceedings from the claims-allowance process such that a jury trial is required.  [Doc. 822] at 12–16.  The Court finds *Picard* unpersuasive for several reasons.

In *Picard*, the trustee instituted adversary proceedings seeking to recover fraudulent transfers. *See Picard*, 825 F. Supp. 2d at 486–487. The district court withdrew the reference from the bankruptcy court. *See id.* at 486. The district court then held that the withdrawal of the reference had "substantially sever[ed]" the adjudication of the fraudulent-transfer claims from the claims-allowance process, and therefore, the right to a jury trial was preserved. *Id.* at 487.

The Court finds that *Picard* is not persuasive. Other district courts have struck jury demands under *Langenkamp* after granting withdrawal of the reference from bankruptcy court. *See In re Crown Vantage, Inc.*, No. C02-3838 MMC, 2007 WL 172321, at *3 (N.D. Cal. Jan. 18, 2007) (unpublished). Courts have explicitly rejected the *Picard* court's conclusion that the claims-allowance process is not implicated by the adjudication of fraudulent-transfer claims. *See, e.g.*, *U.S. Bank Nat. Ass'n v. Verizon Commc'ns Inc.*, No. 3:10-CV-1842-G, 2012 WL 987539, at *4–5 (N.D. Tex. Mar. 21, 2012) (unpublished) (disagreeing with *Picard* because § 502(d) makes fraudulent-transfer actions "integral to the restructuring of the debtor-creditor relationship"). Furthermore, other courts have stated that the withdrawal of a reference from bankruptcy court does not sever proceedings from the bankruptcy court's equitable jurisdiction. *See In re Pearlman*, 493 B.R. 878, 889 (Bankr. M.D. Fla. 2013) ("Trying a fraudulent conveyance claim in the district court, which has all the equitable powers assigned to a bankruptcy court, no more disrupts the equitable distribution process or severs legal claims from equity than if the district court chose to resolve the bankruptcy matter in its entirety, which it is entitled to do."); *see also* 28 U.S.C. §1334(b) (granting district courts original jurisdiction of all bankruptcy proceedings). The *Picard* court cites no authority for the proposition that withdrawal of the reference under 28 U.S.C. § 157(b) severs proceedings from the claims-allowance process.

Nor does the *Picard* court explain why *Langenkamp* does not apply.   Therefore, this Court declines to follow *Picard*.[4]

Under *Langenkamp*, there is no right to a jury trial in any action that is "part of the claims-allowance process" because such issues are "triable only in equity."   *Langenkamp*, 498 U.S. at 44.   Where a creditor has filed a proof of claim, a subsequent fraudulent-transfer action against him is considered part of the claims-allowance process.   *See Granfinanciera*, 492 U.S. at 58.   Supreme Court precedent does not provide that a different result may be reached where the reference is withdrawn from bankruptcy court.   The Multicase Defendants have failed to demonstrate otherwise.

**III.**   **The trustee has not consented to a jury trial.**

Defendants also contend that Plaintiff has consented to jury trials by agreeing to withdrawal of the reference and by representing that the case would be a jury trial in the Joint Status Report ("JSR").   [Doc. 822] at 16.   The Court disagrees.

Plaintiff did not consent to a jury trial by agreeing to a withdrawal of the reference or indicating in the JSR that a jury trial had been demanded.   Rather, Plaintiff's filings clearly indicate that she did not consent to a jury trial.   *See, e.g.*, Trustee's Resp. to Mot. and Br. to Withdraw the Reference, *Wagner v. Menke*, No. 12-cv-0203 (D.N.M. June 4, 2012), [Doc. 5] ("[Plaintiff] states that without admitting or conceding the jurisdictional challenge and jury trial demand made by the Defendant, [Plaintiff] consents to withdrawal of the reference.").

---

[4] Plaintiff argues that the instant proceedings are factually distinguishable from *Picard* because Plaintiff seeks disallowance of Defendants' claims under 11 U.S.C. § 502(d) and equitable subordination under 11 U.S.C. § 510(c). However, nearly identical claims were included in the adversary proceedings in *Picard*.  *See* Compl. at 375–381, *Secs. Investor Prot. Corp. v. Bernard L. Madoff Invs.*(*In re Madoff*), Adv. Pro. No. 10-5287 (Bankr. S.D.N.Y. June 4, 2012), [Doc. 34].

**IV.**     **Defendant Sherry Etkind is not entitled to a jury trial.**

Citing to *Sender v. Hardie* (*In re Hedged-Invs. Assocs., Inc.*), 153 B.R. 69 (D. Colo. 1993), Plaintiff argues that Defendant Sherry Etkind is not entitled to a jury trial even though she has not filed a proof of claim.  The Court agrees with Plaintiff.

*Hardie* involved a single transaction to a married couple.  153 B.R. at 69.  The husband filed a proof of claim, while the wife did not.  *Id.* at 70.  After adversary proceedings were initiated by the trustee, the wife moved to withdraw the reference to bankruptcy court and demanded a jury trial.  *Id.* at 69.  Noting that the fraudulent and preferential transfer claims against the wife "involve[d] the same transaction . . . as the identical claims" against the husband, the District of Colorado found that "[t]here is no separate[ly] alleged fraudulent or preferential transfer claim involving only Mrs. Hardie and unrelated to a creditor's claim in this bankruptcy proceeding."  *Id.* at 70.  Accordingly, that court held that the trustee's claims against both individuals were part of the claims-allowance process and that neither individual had a right to a jury trial.  *Id.*

Here, Plaintiff argues in her reply that *Hardie* applies because Steven Etkind filed a proof of claim and Defendant Sherry Etkind did not have any separate transfers made to her. [Doc. 865] at 9.  Plaintiff further alleges that all of the transfers from VCR were made either to Sherry Etkind's joint bank account with Steven Etkind or to their joint living trust.  *Id.*; *see also* First Amended Compl. at 13–14, *Wagner v. Etkind*, Adversary No. 11-01165-s (Bankr. D.N.M. Aug. 9, 2012), [Doc. 3] (alleging receipt of transfers by the Etkind Trust).  Defendants do not dispute that the transfers involving Sherry Etkind were received jointly by her and her husband, Steven Etkind.  *See also* Joint Status Report [Doc. 484] (not disputing that the transfers were jointly received).  Since there are no separately alleged transfers involving *just* Sherry Etkind,

there are no transfers unrelated to Steven Etkind's proof of claim.  Accordingly, this case fits

squarely within *Hardie*, and Sherry Etkind does not have a right to a jury trial.

**V.      Leave to seek withdrawal of the proofs of claim is denied because it is futile.**

The Multicase Defendants ask the Court for permission to seek withdrawal of their proofs

of claims in bankruptcy court in order to restore their right to a jury trial.  [Doc. 822] at 19.  The

Court shall deny the request because it is futile.

It is clear that if a proof of claim is filed and not withdrawn, the claimant has no right to a

jury trial.  *See, e.g.*, *SNA Nut Co. v. Haagen-Dazs Company, Inc.*, 302 F.3d 725, 731 (7th Cir.

2002).  However, in situations where a proof of claim is filed and withdrawn *before an adversary*

*proceeding commences*, that proof of claim is treated as a legal nullity and the Seventh

Amendment right to trial by jury is not affected.  *See Smith v. Dowden*, 47 F.3d 940, 943–944

(8th Cir. 1995).

Some bankruptcy courts have allowed claimants to withdraw a proof of claim shortly

after adversary proceedings are initiated, and relying on *Dowden*, intimated that the right to a

jury trial might be preserved.  *See, e.g.*, *In re 20/20 Sport, Inc.*, 200 B.R. 972, 975, 980 (Bankr.

S.D.N.Y. 1996) (granting leave to withdraw proof of claim because the debtor had not yet

responded or objected to the proof of claim); *In re Cnty. of Orange*, 203 B.R. 977, 982 (Bankr.

C.D. Cal. 1996) (allowing the withdrawal of a proof of claim where the adversarial proceeding

was "extremely new" but refusing to decide if the right to a jury trial was preserved).  Others,

adhering more closely to the Supreme Court's decision in *Langenkamp*, have stated that once a

proof of claim is filed, the right to a jury trial is extinguished, and any subsequent developments

have no effect on the right to a jury trial.  *See In re EXDS, Inc.*, 301 B.R. 436, 440 (Bankr. D.

Del. 2003) ("Given the unequivocal language of *Langenkamp* . . . as to the effect of filing a proof

10

of claim, I do not believe that a creditor can, for strategic reasons, reverse the result it triggered by filing a proof of claim by later withdrawing the claim."); *see also In re WorldCom, Inc.*, 378 B.R. 745, 754 (Bankr. S.D.N.Y. 2007) ("It is immaterial whether the creditor filed its proof of claim prior or subsequent to the commencement of the adversary proceeding or whether the jury trial demand preceded or followed the filing of the proof of claim. . . .  [T]he filing of the proof of claim invokes the claims-allowance process and the creditor subjects itself to the equitable jurisdiction of the Court thereby waiving its right to a jury trial as to any issue that bears directly on the claims-allowance process.").

Granting the Multicase Defendants leave to seek withdrawal of their proofs of claim in bankruptcy court would be futile.  They argue that pursuant to Fed. R. Bankr. P. 3006,[5] the bankruptcy court must allow them to withdraw their proofs of claim.  [Doc. 822] at 19.  However, the Multicase Defendants rely on cases such as such as *In re 20/20 Sport*—which apply to the withdrawal of proofs of claim early in adversarial proceedings.  *See* [Doc. 822] at 20.  The Court is not convinced that such cases are applicable.  Adversary proceedings were initiated in many of the instant cases more than two years ago.  *See, e.g.*, Compl., *Wagner v. Jafari*, Adversary No. 12-1119-j (Bankr. D.N.M. April 12, 2012).  Numerous substantive motions have already been decided in these proceedings, and a partial motion for summary judgment is pending against all Defendants remaining in the master case.  *See* [Doc. 731].  Accordingly, cases such as *In re 20/20 Sport* have limited relevance.  Moreover, there is no

---

[5] In relevant part, Rule 3006 provides that:

> A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule.  If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession[.]

Fed. R. Bankr. P. 3006.

guarantee that the bankruptcy court would allow the Multicase Defendants to withdraw their proofs of claim at this late stage.

Furthermore, cases such as *In re EXDS* demonstrate that even if a proof of claim is withdrawn, the right to a jury trial is not thereby restored.  Once a proof of claim is filed, the right to a jury trial is extinguished as to any issue that bears on the claims-allowance process. *See Langenkamp*, 498 U.S. at 44–45.  The Multicase Defendants have offered no binding authority to rebut this proposition.  Accordingly, allowing the Multicase Defendants to seek withdrawal of their proofs of claim in bankruptcy court is futile.

## VI.  Defendants Donald Lacy and Deanna Lacy have not withdrawn their proofs of claim.

The Lacy Defendants argue that the instant Motion is moot as to them because they have already withdrawn their proofs of claim.  [Doc. 694] at 2.  The Court is not convinced.

Donald Lacy and Deanna Lacy filed proofs of claim on May 24, 2010.  *See* Donald Lacy, Deanna Lacy and Doris Lacy's Withdrawal of Proofs of Claim, *In re Vaughan Company*, No. 10-10759-j11 (Bankr. D.N.M. June 12, 2014), [Doc. 1665] ("Lacy Withdrawal").  Adversary proceedings were instituted on February 19, 2012.  Compl., *Lacy*, Adversary No. 12-1107-j (Bankr. D.N.M. June 6, 2012).  On December 23, 2013, the Lacy Defendants attempted to withdraw their proofs of claim by filing a notice of withdrawal.  *See* Lacy Withdrawal, *In re Vaughan Company* (No. 10-10759-j11).[6]

Under Bankruptcy Rule 3006, once an adversary proceeding has been initiated, a claimant "may not withdraw the claim except on order of the court after a hearing[.]"  Fed. R.

---

[6] No proof of claim can be found on the claims register for Doris Lacy.  Nevertheless, in the notice of withdrawal filed by all three Lacy Defendants, Doris Lacy also attempted to withdraw any proof of claim that may have been filed.  *See id.*

12

Bankr. P. 3006.  The Lacy Defendants attempted to withdraw their proofs of claim almost two years after adversary proceedings were initiated against them.  Therefore, withdrawal of their proofs of claim required approval by the bankruptcy court.  Based on the bankruptcy court's docket, it appears no hearing occurred and no order approving the withdrawal was entered.  *See In re Vaughan Company*, No. 10-10759-j11 (Bankr. D.N.M. June 12, 2014).  Furthermore, the Lacy Defendants have not identified any order by the bankruptcy court granting them leave to withdraw.  *See generally* [Doc. 694].  Accordingly, it does not appear that Donald Lacy and Deanna Lacy have withdrawn their proofs of claim.[7]  Therefore, they have no right to a jury trial.

## Conclusion

The Defendants that filed proofs of claim extinguished their rights to a jury trial by doing so.  They have provided the Court with no authority indicating this result may now be reversed.  Defendant Sherry Etkind has no right to a jury trial because there are no separate transfers to her that do not implicate the claims-allowance process.  Lastly, the Lacy Defendants have not properly withdrawn their proofs of claim, nor may they restore the right to a jury trial by doing so at this stage.

**IT IS THEREFORE ORDERED, ADJUDGED, and DECREED** that Plaintiff's Motion to Strike Jury Demands [Doc. 683] is **GRANTED.**  The jury demands of Defendants Michael Menke, James Richards, Daniel Fenton, Nancy Fenton, Mostafa Jafari, Morteza Jafai, Maryam Jafari, Melika Jafari, Mohammad Reza Jafari, Farzeneh Jafari, Mojtaba Jafari, Abbas Ansari, Peymaneh Pour, Marie Yeh, Jenny Yeh Nelson, Jimmy C. Yeh, Said Bandi, Bandi

---

[7] Whether to allow a claimant to withdraw a proof of claim is for the bankruptcy court to determine in first instance. However, even if the bankruptcy court allows the Lacy Defendants to withdraw their proofs of claim, the Court doubts that it would restore any right to a jury trial.  *See Langenkamp*, 498 U.S. at 44–45; *In re EXDS, Inc.*, 301 B.R. 436, 440 (Bankr. D. Del. 2003).

Engineering Co., Inc., Donald Lacy, Deanna Lacy, Steven Etkind, Talia Etkind, and Sherry Etkind are hereby struck.[8]

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[8] This order has no effect on any Defendant not specifically named in this paragraph.  Furthermore, this order has no effect on any underlying case not specifically included in the caption to this order.

14