## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

In Re:
**THE VAUGHAN COMPANY, REALTORS**
    **Debtor(s).**

**JUDITH A. WAGNER,**

     **Plaintiff,**                              **Master Case No. 12-cv-0817 WJ/SMV**

**v.**                                               (USDC Case No. 12-cv-0662 WJ/SMV)

**RICHARD JOHNSON and CHERYL JOHNSON,**

     **Defendants.**

## ORDER DENYING MOTIONS FOR EXTENSIONS OF DEADLINES

THIS MATTER is before the Court on Defendants' Motion for Enlargement of Time for Expert Reports [Doc. 869], filed on May 20, 2014, and Defendants' Motion for Enlargement of Discovery Deadline [Doc. 927], filed on June 26, 2014.  Both motions are opposed and have been fully briefed.  *See* [Docs. 885, 906, 947, 967].  The briefing is sufficient for ruling, and therefore, no hearing is necessary.  The Court, having considered the briefing and relevant law, and being fully advised in the premises, finds that the motions are not well-taken and shall be DENIED.

## Background

On November 8, 2013, Plaintiff produced her initial disclosures to Defendants, including the checks and bank statements that serve as the basis of her claim against Defendants. [Docs. 610, 891-1].  On November 14, 2013, the Court entered a scheduling order setting the close of discovery for July 11, 2014, and requiring Defendants to submit all expert witness

disclosures and reports by March 13, 2014.  [Doc. 616].  On February 25, 2014, the Court extended the time for Defendants to file their expert witness disclosures and reports until March 28, 2014, pursuant to a stipulation by the parties.  [Doc. 757].  Defendants filed an expert witness disclosure on March 28, 2014, and subsequently amended it on April 4, 2014. [Docs. 783, 786].  Defendants named Craig Dill as their expert witness in both disclosures.  In the amended disclosure, Defendants named John P. Jennings as a second expert witness in addition to Mr. Dill.  [Docs. 786].  Plaintiff posits that neither identified expert has produced a report.  *See* [Doc. 885] at 2.  Defendants do not dispute that assertion.  *See generally* [Doc. 906].

On May 20, 2014—nearly two months after expert reports were due—Defendants filed a motion seeking an extension of time to submit their expert reports.  [Doc. 869].  In support of that motion, Defendants argue that they need an extension of time because Mr. Jennings is no longer available to be their expert witness and because Mr. Dill required additional time to complete his analysis due to "numerous discrepancies" in the documents produced by Plaintiff. *Id.* at 4; [Doc. 891-1] at 1.  Defendants did not provide a suggested new deadline or otherwise indicate when they might be able to submit their expert reports.  *See generally* [Docs. 869, 906].

On June 26, 2014, Defendants filed a motion seeking a one-month extension of the discovery period which was set to expire on July 11, 2014.  [Doc. 927].  As grounds for their motion, Defendants argue that "important recently completed depositions, numerous discrepancies in the documents upon which Plaintiff bases her claims against Defendants, and the fact that Defendants' expert has only recently completed his analysis and Report, necessitated Defendants' request for additional time for discovery."  *Id.* at 2.   Additionally, Defendants

argued that they should be granted an extension because Plaintiff had agreed to extend discovery for defendants in other cases. *Id.* at 3; [Doc. 967] at 4. Defendants did not otherwise describe what additional discovery they would require or why they would be unable to complete their discovery within the Court's deadlines. *See generally* [Docs. 927, 967].

<u>**Standard**</u>

Once a scheduling order is entered, it may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Demonstrating good cause under the rule requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (unpublished) (internal quotation marks omitted).

Under Rule 6, a court may extend any deadline before it expires upon a showing of "good cause." Fed. R. Civ. P. 6(b)(1). However, once such a deadline passes, it may only be extended if there is both good cause to extend the deadline and if the party requesting the extension can demonstrate that it failed to abide by the original deadline because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect requires a demonstration by the movant of good faith and a reasonable basis for not complying within the specified deadline. *Putnam v. Morris,* 833 F.2d 903, 905 (10th Cir. 1987). Relevant to the inquiry are several factors: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Schupper v. Edie*, 193 F. App'x 744, 746 (10th Cir.

2006) (unpublished) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).

<u>**Analysis**</u>

Defendants fail to demonstrate good cause for an extension of the expert report deadline. Additionally, Defendants fail to demonstrate excusable neglect regarding their untimely request for an extension of that deadline.  Lastly, Defendants fail to demonstrate good cause for an extension of the discovery period.  Accordingly, the Court shall deny Defendants' requests.

Defendants have not demonstrated good cause for any extension of the expert report deadline.  Defendants concede that modification of the scheduling order requires them to show that they have been diligently trying to meet the scheduling deadlines.  *See* [Doc. 869] at 3 ("The good cause standard primarily considers the diligence of [the] party[.] . . . The party seeking an extension must show that despite due diligence it could not have reasonably met scheduled deadlines.").  However, Defendants do not describe what efforts, if any, they took to meet the deadline.  In fact, they do not even argue that they have been diligent.  Other than conclusory allegations that their expert needed more time to examine discrepancies in the checks and bank statements provided by Plaintiff, Defendants have offered no explanation why they did not submit their expert reports on time.  Defendants have presumably been in possession of the checks and bank statements since Plaintiff completed her initial disclosures on November 8, 2013.  *See* [Doc. 610].  Defendants had nearly five months to review those documents before the expert report deadline expired.

While Defendants contend that they need an extension because Mr. Jennings is no longer available to be their expert, they included no details explaining why Mr. Jennings is not available or why Mr. Dill's services do not suffice.  Moreover, Mr. Jennings' unexplained unavailability is no justification for Mr. Dill's failure to complete his expert report on time.  Therefore, Defendants fail to demonstrate good cause for extension of the expert report deadline.

Furthermore, Defendants have offered no reasonable basis—or even any explanation whatsoever—why they waited nearly two months after the deadline for submitting their expert report had already expired to request an extension.  Because Defendants have provided no explanation for the delay, the Court finds they have not demonstrated excusable neglect regarding their failure to abide by the Court's expert report deadline.

Lastly, Defendants have failed to show good cause for extension of the discovery period. Defendants are not entitled to an extension of discovery merely because Plaintiff has agreed to such extensions in other cases.  Nor are they entitled to an extension because important depositions have recently been completed or because of entirely unexplained delays regarding the report of their own expert.

The discovery period has been open since at least November 4, 2013.  *See* [Doc. 585] (setting the deadline for the meet-and-confer session that opens discovery).  At the parties' request, the Court assigned this case the longest discovery period available.  *See* [Docs. 615, 616] (setting the case for a 240-day discovery track).  Defendants have not identified what discovery, if any, they have been unable to complete.  Nor have they demonstrated that they have

been diligently pursuing discovery.[1]   Accordingly, Defendants fail to demonstrate good cause for extension of the discovery period.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion for Enlargement of Time for Expert Reports [Doc. 869] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Enlargement of Discovery Deadline [Doc. 927] is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[1] Review of the docket leads the Court to precisely the opposite conclusion.  Defendants appear to have propounded no discovery on Plaintiff, as there have been no certificates of service filed on the record reflecting such requests.