# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

In Re:
THE VAUGHAN COMPANY, REALTORS
    Debtor(s).

JUDITH A. WAGNER,

      Plaintiff,                                     Master Case No. 12-cv-0817 WJ/SMV

v.                                                     (USDC Case No. 12-cv-0391 WJ/SMV)

SAID BANDI a/k/a SAID ALAGHE
BANDI, individually, SAID BANDI d/b/a
Bandi Engineering, BANDI
ENGINEERING COMPANY, INC., ADF
FINANCIAL, INC., SHAHLA BANDI a/k/a
SHAHLA ZOLFAGHARI, MARYAM
ALAGHE-BANDI, HAMID ALAGHE
BANDI, HOSSEIN ALAGHE BANDI,
ABDUL DABIRI, SHARAREH SHAHIN,
And NEW MEXICO ACCOUNTING
SPECIALISTS, INC.,

      Defendants.

## ORDER

      THIS MATTER is before the Court on Plaint[i]ff's Motion (I) to Compel ADF Financial Inc. ("ADF") to Make Complete Designations Under Fed. R. Civ. P. 30(b)(6) and (II) for Attorneys' Fees [Doc. 892] ("Motion to Compel ADF"), filed June 10, 2014; Plaint[i]ff's Motion (I) to Compel Responses to the Trustee's First Requests For Admissions, Interrogatories and Requests for Production to Defendant Abdul Dabiri (II) for a Finding that the Unanswered Request For Admission to the Defendant is Deemed Admitted and (III) for Attorneys' Fees, filed June 16, 2016 [Doc. 905] ("Motion to Compel Dabiri"); and Defense Counsel's Motion to

Withdraw Appearance [Doc. 919] ("Motion to Withdraw"), filed June 19, 2014.  Each motion was fully briefed.  [Docs. 922, 931, 939, 942, 953, 981].  The Court heard oral argument on August 5, 2014.  [Doc. 985].  The Court, having considered the briefing, oral argument, and being fully advised in the premises, shall DENY as moot Plaintiff's Motion to Compel ADF [Doc. 892], DENY as moot Plaintiff's Motion to Compel Dabiri [Doc. 905], and reserve ruling on Defense Counsel's Motion to Withdraw Appearance [Doc. 919].

## BACKGROUND

The instant motions involve a defunct corporate entity and two deceased Defendants. Defendant ADF Financial Inc. ("ADF") is a defunct New Mexico corporation formerly operated by Defendant Abdul Dabiri.  [Doc. 892-1].  The certificate of incorporation for ADF was revoked on April 22, 2009.  *Id.*  According to the parties, Defendant Dabiri died before the instant litigation commenced, sometime in January 2010.  [Doc. 905] at 2; [Doc. 905-1] at 1. Defendant Hossein Alaghe Bandi appears to have died in November 2013.  [Doc. 939-4] at 4. However, no suggestion of death has been filed for either deceased individual.

On February 21, 2012, Plaintiff instituted adversary proceedings against all of the Defendants in this case in bankruptcy court.  Compl., *Wagner v. Bandi*, Adversary No. 12-1149-j (Bankr. D.N.M. April 16, 2012).  Defendant Said Bandhi retained the law firms of Becker & Poliakoff ("B&P") and Merrie L. Chappell Law P.C. (collectively, "the Firms") to represent Defendants ADF, Dabiri, Hossein Alaghe Bandi, and others including himself.  [Doc. 939-4] at 7.  On April 16, 2012, the reference to bankruptcy court was withdrawn.  *Wagner v. Bandi,* No. 12-cv-0391 WJ/SMV (D.N.M. April 16, 2012), [Doc. 4].  On April 17, 2013, the Firms filed

2

an answer and counterclaim in this Court on behalf of Defendants Said Bandi; Bandi Engineering Company, Inc.; Maryam Alaghe-Bandi; Hamid Alaghe Bandi; Hossein Alaghe Bandi; ADF; and Dabiri.[1] [Doc. 260]. The answer stated that Defendant Dabiri was deceased. *Id.* at 12.

On December 16, 2013, the Firms served on Plaintiff discovery requests on behalf of all Defendants in this case. [Docs. 717, 939-2]. Subsequently, Plaintiff served a set of discovery requests on Defendant Dabiri on March 18, 2014. [Doc. 773]. On April 18, 2014, B&P responded, stating that Defendant Dabiri was deceased. [Doc. 905-1]. On April 30, 2014, Plaintiff served on Defendant ADF a notice setting a Rule 30(b)(6) deposition for May 21, 2014. [Doc. 892-2]. In response, B&P informed Plaintiff's counsel that Defendant ADF was defunct and that Defendant Dabiri had been ADF's only corporate representative. [Doc. 892-3]. B&P also informed Plaintiff that Defendant Said Bandi had authorized the filing of the answer on behalf of ADF and offered to produce him for a deposition in California. However, no motion for protective order was filed, and no deponent appeared at the May 21, 2014 deposition. [Doc. 892-4].

On June 10, 2014, Defendant Said Bandi admitted in response to requests for admission that he had no authority to act on behalf of Defendants ADF, Dabari, or Hossein Alaghe Bandi. [Doc. 939-1]. At his deposition on June 17, 2014, Defendant Said Bandi stated that he had engaged B&P to represent Defendants ADF and Dabiri to prevent the entry of default judgment against those parties. [Doc. 939-4] at 7–8.

---

[1] An amended answer including Shahla Bandi was entered on November 4, 2013. [Doc. 597]. Default was entered against Defendants Sharereh Shahin and New Mexico Accounting Specialists, Inc. on May 14, 2014. [Doc. 859].

## DISCUSSION

In the Motion to Compel ADF, Plaintiff asked the Court to require ADF to designate a corporate representative under Fed. R. Civ. P. 30(b)(6). [Doc. 892] at 1. However, ADF is a defunct corporation that had its certificate of incorporation revoked in 2009. [Doc. 892-1]. Defendant Dabiri was the sole agent and officer for Defendant ADF and apparently was the only individual authorized to act on its behalf. *See id.* However, Defendant Dabiri is deceased. As a result, it appears that there is no individual who can be designated as ADF's corporate representative. At oral argument, Plaintiff clarified that she now would like the Court to strike all pleadings filed on behalf of Defendant ADF and award her the expenses she incurred due to the unauthorized representation of ADF. [Doc. 985] at 3. Therefore, Plaintiff's Motion to Compel ADF shall be denied as moot.

In the Motion to Compel Dabiri, Plaintiff sought to compel Defendant Dabiri to answer her discovery requests and asked the Court to treat her unanswered requests for admission as admitted. [Doc. 905] at 4. However, recognizing that there is no known person authorized to give answers on behalf of Defendant Dabiri, Plaintiff has withdrawn her requests. [Doc. 953] at 3. Accordingly, Plaintiff's Motion to Compel Dabiri shall be denied as moot.

In Defense Counsel's Motion to Withdraw, the Firms seek leave to withdraw as the attorneys for Defendants Dabiri, ADF, and Hossein Alaghe Bandi. [Doc. 919] at 1. The Firms contend that they are without any authority to take any additional actions on behalf of those Defendants. [Doc. 981] at 1; [Doc. 985] at 3. In response, Plaintiff asserts that the Firms should not be allowed to withdraw unless Plaintiff is compensated for all costs incurred due to the

4

unauthorized representation of Defendants Dabiri, ADF, and Hossein Alaghe Bandi.  [Doc. 939] at 6; [Doc. 985] at 3.  At oral argument, Plaintiff also asked the Court to strike all pleadings filed on behalf of Dabiri, ADF, and Hossein Alaghe Bandi.  [Doc. 985] at 3.  The Court asked Plaintiff to file a separate motion requesting that relief so that the status of Defendants Dabiri, ADF, and Hossein Alaghe Bandi can be properly resolved.  *Id.*

The Court finds that an award of expenses attributable to the unauthorized representation of Defendants Dabiri, ADF, and Hossein Alaghe Bandi is appropriate.  Plaintiff's counsel will be required to supplement the record with an affidavit demonstrating which expenses, if any, are directly attributable to the unauthorized representation of Defendants Dabiri, ADF, and Hossein Alaghe Bandi.  The Court shall defer ruling on Defense Counsel's Motion to Withdraw until the status of Defendants Dabiri, ADF, and Hossein Alaghe Bandi in this case is resolved.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaint[i]ff's Motion (I) to Compel ADF Financial Inc. to Make Complete Designations Under Fed. R. Civ. P. 30(b)(6) and (II) for Attorneys' Fees [Doc. 892] ("Motion to Compel ADF"), filed June 10, 2014 is hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaint[i]ff's Motion (I) to Compel Responses to the Trustee's First Requests For Admissions, Interrogatories and Requests for Production to Defendant Abdul Dabiri (II) for a Finding that the Unanswered Request For Admission to the Defendant is Deemed Admitted and (III) for Attorneys' Fees, filed June 16, 2016 [Doc. 905] ("Motion to Compel Dabiri") is hereby **DENIED as moot**.

5

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall submit an affidavit of expenses incurred as a direct result of the unauthorized representation of Defendants Dabiri and ADF Financial Inc. by no later than **August 26, 2014**. If defense counsel find any basis for objecting to the award of expenses, they may submit a response by no later than **September 5, 2014**. The Court shall reserve ruling on Defense Counsel's Motion to Withdraw Appearance [Doc. 919].

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**