# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**JUDITH A. WAGNER, Chapter
11 Trustee of the bankruptcy estate
of The Vaughan Company, Realtors,**

**Plaintiff,**

**v.**                                     **Master Case No. 12-CV-00817-WJ-SMV**

**JAMES RICHARDS, individually and as Trustee**        **Case No. 12-CV-00207-WJ-SMV**
**of the James Richards Revocable Trust,**

**DANIEL FENTON, and**                     **Case No. 12-CV-00241-WJ-SMV**
**NANCY FENTON,**

**MOSTAFA JAFARI, MARTEZA JAFARI**        **Case No. 12-CV-00300-WJ-SMV**
**a/k/a MORTEZA JAFARI a/k/a MORI**
**JAFARI, MARYAM JAFARI, MELIKA**
**JAFARI, MOHAMMAD REZA JAFARI,**
**ZAHRA JAFARI, VAHID DERISS,**
**MOJTABA JAFARI, and FARZANEH**
**JAFARI,**

**ABBAS ANSARI and**                       **Case No. 12-CV-00301-WJ-SMV**
**PEYMANEH POUR,**
**husband and wife,**

**MARIE YEH, individually and as personal**        **Case No. 12-CV-00303-WJ-SMV**
**representative of the estate of Chon-Chiun Yeh,**
**JENNY YEH NELSON, JULIE C. LOUIE,**
**DAVID L. LOUIE, JOHN DOE, as trustee of the**
**YEH FAMILY REVOCABLE TRUST uta dated**
**October 2, 2001, JIMMY CHIH MING YEH a/k/a**
**JIMMY C. YEH, RACHEL HANYEH, and**
**MARIE YEH as personal representative of the**
**estate of Chon-Chiun Yeh d/b/a Chinese**
**Acupuncture Clinic,**

**SAID BANDI a/k/a SAID ALAGHE**           **Case No. 12-CV-00391-WJ-SMV**
**BANDI, individually, SAID BANDI d/b/a**
**Bandi Engineering, BANDI**

ENGINEERING COMPANY, INC., ADF
FINANCIAL, INC., SHAHLA BANDI a/k/a
SHAHLA ZOLFAGHARI, MARYAM
ALAGHE-BANDI, HAMID ALAGHE
BANDI, HOSSEIN ALAGHE BANDI,
ABDUL DABIRI, SHARAREH SHAHIN,
And NEW MEXICO ACCOUNTING
SPECIALISTS, INC.,

STEVEN S. ETKIND and SHERRY ETKIND,          Case No. 12-CV-00754-WJ-SMV
husband and wife; STEVEN S. ETKIND,
as trustee of STEVEN AND SHERRY ETKIND
REVOCABLE LIVING TRUST; and TALIA ETKIND,

Defendants.


## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANTS' MOTION TO REVIEW AND SET ASIDE MAGISTRATE JUDGE'S
## ORDER (DOC. NO. 962)

   **THIS MATTER** comes before the Court upon Defendants' Motion to Review and Set

Aside the Portion of the Magistrate's July 22, 2014 Order Striking Certain Defendants' Jury

Demands, filed August 5, 2014 (**Doc. No. 984**).   Having considered the parties' briefs and the

applicable law, the Court finds that Defendants' motion is not well-taken and, therefore, is

DENIED.

### Background

   This case arises out of a massive Ponzi scheme perpetrated by Doug Vaughan through

Vaughan Company Realtors ("VCR").   This adversary proceeding is one of many adversary

proceedings initiated by the Chapter 11 Trustee ("Trustee" or "Plaintiff") seeking to recover

payments made by VCR to parties who invested in VCR's promissory note program.[1]   This

adversary proceeding is also one of a group of adversary proceedings where the reference to

Bankruptcy Court was withdrawn thereby resulting in this matter proceeding in District Court.

---

[1] The background facts underlying this matter have been extensively discussed by this Court in numerous opinions
entered in the Master Case No. 12CV817.

On December 17, 2013, Plaintiff filed a Motion to Strike Certain Defendants' Jury Demands. **(Doc. No. 683)**.  Plaintiff asserted that the defendants who had filed proofs of claims in the VCR Bankruptcy case had waived their right to a jury trial and, therefore, their jury demands should be struck.  In regards to Defendant Sherry Etkind, who had not filed a proof of claim, Plaintiff argued that even though she had not filed a proof of claim, her right to a jury trial was extinguished by her husband's filing of a proof of claim.  After the motion was fully briefed, United States Magistrate Judge Stephan Vidmar granted Plaintiff's Motion and struck the jury demands of the above-captioned Defendants **(Doc. No. 962)**.  Although the Order struck a number of Defendants' jury demands, only the Defendants listed in the caption of the instant Order filed objections to the order striking jury demands.   These Defendants claim that Judge Vidmar erred by: 1) concluding that Defendants' relinquishment of their jury trials does not need to be made voluntarily, knowingly, and intelligently: 2) not relying on Picard v. Katz, 824 F. Supp.2d 484 (S.D.N.Y 2011); and 3) striking Sherry Etkind's jury demand even though she never filed a proof of claim.

## Discussion

### I.    Legal Standard

Under Rule 72(a)[2] of the Federal Rules of Civil Procedure, the Court shall consider objections made by the parties and "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).  To overturn the magistrate judge's decision as clearly erroneous under Rule 72(a), the district court must have "a definite and firm conviction that a mistake has been committed."

---

[2] Fed.R.Civ.P. 72(a) applies because Plaintiff's Motion to Strike Jury Demands concerned a non-dispositive issue. See United Steelworkers of Am. v. New Jersey Zinc Co., 828 F.2d 1001,1008 (3rd Cir.1987) (holding that Magistrate Judge's Order on Motion to Strike Jury Demand was subject to the appeal requirements of Section 636(b)(1)(A)); Lawrence v. Hanson, 197 F.Supp.2d 533, 536 (W.D.Va.2002) (finding that right to jury trial is not a dispositive issue); Smith v. Dickinson Operating Co., No. 894216, 1991 U.S. Dist. LEXIS 7950 (D.Kan. May 29, 1991) (same); United States v. Carlson, No. 06CV00275WYD-MEH, 2006 WL 2869122 (D. Colo. Oct. 6, 2006) (same) (unpublished).

Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir.1988) (internal quotation omitted).

**II.     Judge Vidmar did not Err in Striking the Jury Demands of the Defendants who have Filed Proofs of Claims**

*A.     Judge Vidmar did not Err by Holding Filing a Proof of Claim does not Implicate Waiver of the Right to a Jury Trial*

An action to recover a preferential or fraudulent transfer, such as those at issue in the instant proceeding, is normally considered an action at law; thus, there is a right to a jury trial. See Langenkamp v. Culp, 498 U.S. 42, 45 (1990) ("Accordingly, "a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate.  Respondents filed claims against the bankruptcy estate, thereby bringing themselves within the equitable jurisdiction of the Bankruptcy Court. Consequently, they were not entitled to a jury trial on the trustee's preference action."). However, if a party files a proof of claim against the bankruptcy estate, he is subjecting himself to the bankruptcy court's equitable jurisdiction thereby extinguishing that party's right to demand a jury trial in the event suit is brought to recover an alleged preferential or fraudulent transfer.  See id.

Defendants argue that Judge Vidmar's finding that Defendants waived their right to a jury trial by filing proofs of claims was clearly erroneous, because a waiver of a jury trial right must be done knowingly, voluntarily, and intelligently.  However, Judge Vidmar's conclusion did not rest upon a knowing, voluntary, and intelligent waiver.  In fact, Judge Vidmar reasoned that filing a proof of claim does not implicate the idea of waiver, because the right to a jury trial is not waived; there is nothing to waive because there is no right to a jury trial in cases sounding in equity.  See Germain v. Conn. Nat. Bank, 988 F.2d 1323, 1330 (2nd Cir. 1993) ("[T]he right to a jury trial is lost not so much because it is waived, but because the legal dispute has been

transformed into an equitable issue."). Moreover, the landmark United States Supreme Court case on the effect of filing a proof of claim on a right to a jury trial, <u>Langenkamp</u>, does not address this issue in terms of waiver. <u>See Langenkamp</u>, 498 U.S. at 45 (discussing this issue in terms of voluntarily bringing a case within the equitable power of the Bankruptcy Court rather than considering whether the right to a jury trial was waived). Further, Judge Vidmar distinguished the cases cited by Defendants requiring waiver of the right to a jury trial in bankruptcy cases because the cases cited by Defendants on this issue did not implicate the claims allowance process, which is clearly at the heart of the instant dispute. Accordingly, Defendants have failed to show that Judge Vidmar's ruling regarding waiver was clearly erroneous.

Further, Defendants incorrectly assert that Judge Vidmar failed to give due deference to Tenth Circuit precedent regarding the right to a jury trial generally. Judge Vidmar did recognize that the right to a jury trial is important and should be protected. <u>See</u> **(Doc. No. 962)**, p. 5 (noting the right to a jury trial "shall be preserved"). However, he found this general principle gave way to holdings regarding specific factual situations. <u>See id</u> (holding that the filing of a proof of claim triggers an exception to the general rule that there is a right to a jury trial for preferential or fraudulent transfer claims). Additionally, Defendants argue that Judge Vidmar's decision should be reversed, because it results in some of the related proceedings being tried to a jury and others proceeding by way of a bench trial. While this may make a slight difference in logistics in terms of bringing these cases to resolution, the Court anticipated there would be several trials so the Court can still consolidate those matters set for bench trial. It is not as though absent this ruling there would have been one trial and now there are multiple trials. Accordingly, Judge Vidmar did not err in this regard.

*B. Judge Vidmar did not Err by Rejecting the Reasoning of Picard*

Defendants also argue that the withdrawal of the reference from bankruptcy court severs the fraudulent transfer claims from the claims-allowance process; therefore, Defendants' right to trial by jury is preserved. Defendants rely heavily on Picard v. Katz, 825 F. Supp. 2d 484 (S.D.N.Y. 2011) for this proposition. In Picard, the trustee instituted adversary proceedings seeking to recover fraudulent transfers. See id, 825 F. Supp. 2d at 486–487. The district court withdrew the reference from the bankruptcy court. See id. at 486. The district court then held that the withdrawal of the reference had "substantially sever[ed]" the adjudication of the fraudulent-transfer claims from the claims-allowance process, and therefore, the right to a jury trial was preserved. Id. at 487. Defendants contend Judge Vidmar erred by not relying on Picard's reasoning.

Judge Vidmar specifically disagreed with the reasoning in Picard. First, Judge Vidmar noted that several courts have explicitly rejected Picard's reasoning on this issue. See **(Doc. No. 962)**, at 7 (citing U.S. Bank Nat. Ass'n v. Verizon Commc'ns Inc., No. 3:10-CV-1842-G, 2012 WL 987539, at *4–5 (N.D. Tex. Mar. 21, 2012) (unpublished) (disagreeing with Picard because § 502(d) makes fraudulent-transfer actions "integral to the restructuring of the debtor-creditor relationship".). The Bankruptcy Court for the Middle District of Florida likewise rejected Picard's holding. See In re Pearlman, 493 B.R. 878, 889 (Bankr. M.D. Fla. 2013) ("The Court does not agree with the reasoning in [Picard]."). Judge Vidmar also pointed out, as have other courts, that the Picard court provided no legal authority in support of its holding that withdrawal of the reference from bankruptcy court severs the fraudulent transfer claims from the claims-allowance process, thereby preserving the right to a jury trial. Having no Tenth Circuit precedent, Supreme Court precedent, or overwhelming weight of authority from other circuits on

this issue, Judge Vidmar did not commit error by instead relying on cases that reached the opposite conclusion from Picard.   Moreover, Picard is by no means controlling or even persuasive precedent.  What the Court finds to be persuasive precedent is the numerous court decisions cited by Judge Vidmar refusing to follow the Picard Court's holding.

       *C.*     *Judge Vidmar did not Commit Clear Error by Holding that Allowing Defendants to Withdraw Their Proofs of Claims Would be Futile*

Defendants argue that Judge Vidmar erred by refusing to allow Defendants to withdraw their proofs of claims at this juncture in the litigation.  Judge Vidmar noted that such a withdrawal would be futile because it would not revive Defendants' right to a jury trial.  Judge Vidmar acknowledged that withdrawing the proof of claim prior to the filing of an adversary proceeding would not affect the right to a jury trial.  Further, he acknowledged that some courts have allowed parties to withdraw their proof of claims shortly after an adversary proceeding had been initiated, thus protecting the right to jury trial.  However, Judge Vidmar pointed to other cases holding that filing a proof of claim extinguishes the right to a jury trial and subsequent events cannot revive that right.    See **(Doc. No. 962)**, p. 10 (citing In re EXDS, Inc., 301 B.R. 436, 440 (Bankr. D. Del. 2003) ("Given the unequivocal language of Langenkamp . . . as to the effect of filing a proof of claim, I do not believe that a creditor can, for strategic reasons, reverse the result it triggered by filing a proof of claim by later withdrawing the claim."); In re WorldCom, Inc., 378 B.R. 745, 754 (Bankr. S.D.N.Y. 2007) ("It is immaterial whether the creditor filed its proof of claim prior or subsequent to the commencement of the adversary proceeding or whether the jury trial demand preceded or followed the filing of the proof of claim. . . . [T]he filing of the proof of claim invokes the claims-allowance process and the creditor subjects itself to the equitable jurisdiction of the Court thereby waiving its right to a jury trial as to any issue that bears directly on the claims-allowance process.").

Judge Vidmar distinguished the cases cited by Defendants which hold that a party must be allowed to withdraw his or her proof of claim by noting all of the cases cited by Defendants involved withdrawal early on in the proceedings.  Judge Vidmar pointed out that, by contrast, this matter has been pending for a number of years.  Judge Vidmar also noted that a substantial amount of work has been done in this matter already.  Defendants cannot demonstrate that Judge Vidmar clearly erred in holding withdrawal of the proofs of claims would be futile.  Again, Defendants have pointed to several cases reaching the opposite holding, but without binding authority, Judge Vidmar was free to rely upon the cases he found most persuasive so long as his ruling did not run afoul of controlling precedent.

**III.   Judge Vidmar did not Err by Striking the Jury Demand of Sherry Etkind**

Defendants argue that Judge Vidmar erred in striking the Jury Demand of Sherry Etkind. Judge Vidmar held that although Ms. Etkind had not filed a proof of claim, her husband did, thereby extinguishing her right to a jury trial as well.  Defendants' argument in regards to Ms. Etkind relies on the idea of voluntary waiver, which the Court has already noted is not applicable here. Defendants also take issue with Judge Vidmar's reliance on Sender v. Hardie (In re Hedged-Invs. Assocs., Inc.), 153 B.R. 69 (D. Colo. 1993).

Hardie involved a single transaction to a married couple. 153 B.R. at 69. The husband filed a proof of claim while the wife did not.  Id. at 70. After adversary proceedings were initiated by the trustee, the wife moved to withdraw the reference to bankruptcy court and demanded a jury trial.  Id. at 69. Noting that the fraudulent and preferential transfer claims against the wife "involve[d] the same transaction . . . as the identical claims" against the husband, the District of Colorado found that "[t]here is no separate[ly] alleged fraudulent or preferential transfer claim involving only Mrs. Hardie and unrelated to a creditor's claim in this

bankruptcy proceeding." Id. at 70. Accordingly, that court held that the trustee's claims against both individuals were part of the claims-allowance process and that neither individual had a right to a jury trial. Id. Relying on Hardie, Judge Vidmar held that Mr. Etkind's filing of a proof of claim extinguished Ms. Etkind's right to a jury trial as well.

Defendants have not demonstrated that Judge Vidmar's ruling was contrary to controlling precedent. Defendants clearly do not accept the reasoning of Hardie. However, Judge Vidmar was within his discretion to rely on this case for its persuasive value. Accordingly, they are not entitled to a reversal of this ruling.

### Conclusion

Defendants have failed to establish that any of Judge Vidmar's holdings in the Order Striking Jury Demands were clearly erroneous. "An error is clear and obvious when it is contrary to well-settled law." United States v. Ruiz-Gea, 340 F.3d 1181, 1187 (10th Cir. 2003) (citation omitted). "In general, for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue." Id. *"Certainly, an error cannot be deemed 'plain' in the absence of binding precedent, where there is a genuine dispute among the other circuits."* United States v. Easterwood, 415 F. App'x 883, 888 (10th Cir. 2011) (citation omitted) (emphasis added); but see United States v. Brown, 316 F.3d 1151, 1158 (10th Cir.2003) ("The absence of such precedent will not, however, prevent a finding of plain error if the district court's interpretation was '"clearly erroneous."'"). Many of Defendants' arguments involve issues where there are cases on either side and the Tenth Circuit has yet to rule. Accordingly, Judge Vidmar's decision on these issues is not contrary to the law because there is no binding authority nor is there a clear consensus by other courts. As such, Defendants have not demonstrated a basis for this Court to reverse Judge Vidmar's decision pursuant to Fed. R. Civ. P. 72(a).

**THEREFORE, IT IS ORDERED**, that Defendants' Motion to Review and Set Aside the Portion of the Magistrate's July 22, 2014 Order Striking Certain Defendants' Jury Demands (**Doc. No. 984**) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE