IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In Re:
THE VAUGHAN COMPANY, REALTORS
    Debtor(s).

JUDITH A. WAGNER,

    Plaintiff,                                     Master Case No. 12-cv-0817 WJ/SMV

v.                                                  (USDC Case No. 12-cv-0547 WJ/SMV)

DONALD LACY and DEANNA LACY,

    Defendants.[1]

### AMENDED ORDER SETTING SETTLEMENT CONFERENCE[2]

THIS MATTER is before the Court at the request of the parties. To facilitate a final disposition of this case, a mandatory Settlement Conference will be conducted in accordance with Rule 16(a)(5) of the Federal Rules of Civil Procedure. The conference will be held on **December 4, 2014, at 8:30 a.m.** in the **Gila Courtroom, 5th Floor, Pete V. Domenici United States Courthouse at 333 Lomas Boulevard Northwest in Albuquerque, New Mexico.**

The parties or a designated representative, other than counsel of record, with full authority to resolve the case, must attend in person. Counsel who will try the case must also attend in person. Counsel are encouraged to read "Keys to a Successful Mediation" by Judge

---

[1] The caption was amended on August 18, 2014, to substitute Defendant Doris Lacy with Donald Lacy, as personal representative for the estate of Doris Lacy. [Doc. 999].

[2] A settlement conference had been set in this case for July 3, 2014. [Doc. 846]. However, the conference was vacated after the Court reviewed of the parties' confidential position statements and determined that it would not have been fruitful at that time. [Doc. 929].

James A. Hall prior to the settlement conference.[3]  Those attending the settlement conference must treat as confidential the information discussed, positions taken, and offers made by other participants in preparation for and during the conference.[4]  *See generally Hand v. Walnut Valley Sailing Club*, No. 11-3228, 2012 WL 1111137 (10th Cir. Apr. 2, 2012) (unpublished) (affirming dismissal of case as sanction for violating confidentiality of settlement conference).

No later than **November 24, 2014**, Plaintiff[5] shall serve on Defendant a letter setting forth at least the following information: (a) a brief summary of the evidence and legal principles that Plaintiff assert will allow it to establish liability; (b) a brief explanation of why damages or other relief would be warranted; (c) an itemization of the principles supporting those damages; and (d) a settlement demand.

No later than **November 26, 2014**, Defendant shall serve on Plaintiff a letter that sets forth at least the following information: (a) any points in Plaintiff's letter with which the defense agrees; (b) any points in Plaintiff's letter with which the defense disagrees, with references to supporting evidence and legal principles; and (c) a counteroffer.[6]  If a release is contemplated, defense counsel shall include a proposed form of release with the letter.

---

[3]  For ease of reference, the Court has posted the article on its website, and the article may be accessed at http://www.nmcourt.fed.us/web/DCDOCS/Judges/Files/HallMediationArticle.pdf

[4]  This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

[5]  Herein, the terms "Plaintiff" and "Defendant" shall encompass both singular and plural meanings.

[6]  If the parties have engaged in settlement negotiations, Plaintiff's demand should be lower than Plaintiff's most recent demand, and Defendant's counteroffer should be higher than Defendant's most recent counteroffer.

Each of these letters typically should be five pages or fewer, and counsel must ensure that each party reads the opposing party's letter before the Settlement Conference.  If the case does not settle, Plaintiff shall provide copies of these letters to the Court no later than **5:00 p.m. on December 2, 2014**.

No later than **5:00 p.m. on December 2, 2014**, each party must provide the Court, in confidence, a concise position statement (typically no more than ten pages) containing an analysis of the strengths and weaknesses of its case and the names of the individuals who will be attending the conference and in what capacity.  Position statements must be submitted to the Court by e-mail at VidmarChambers@nmcourt.fed.us.[7]

Furthermore, if any party has in its possession any video or audio recording of the incident upon which this action is based, that party must submit a copy of the recording to the Court no later than **5:00 p.m. on December 2, 2014**.

The Settlement Conference will not be vacated or rescheduled except upon motion and for good cause shown.  Any motion to vacate or reschedule the Settlement Conference shall provide the Court with sufficient notice to ensure that other matters may be scheduled in the time allotted for the Settlement Conference.

The Court may contact counsel ex parte prior to the Settlement Conference to discuss the Settlement Conference.

    **IT IS THEREFORE ORDERED** as follows:

**Plaintiff's letter and settlement demand
due to Defendants:**                                                                **November 24, 2014**

---

[7] Each e-mail message and its attachments cannot exceed 5 MB.  Data exceeding 5 MB should be submitted in individual e-mail messages, each less than 5 MB.

| | |
|---|---|
| **Defendants' letter and counteroffer due to Plaintiff:** | November 26, 2014 |
| **Plaintiff provides copies of settlement letters to the Court by:** | December 2, 2014, by 5:00 p.m. |
| **Parties' confidential position statements due to the Court:** | December 2, 2014, by 5:00 p.m. |
| **Settlement Conference:** | December 4, 2014, at 8:30 a.m. |

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**